**Billy Dalton BARNES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47444.**

Court of Criminal Appeals of Texas.

Jan. 9, 1974.

Larry Feldman, Dallas, for appellant.

Henry Wade, Dist. Atty., William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Appellant was convicted of felony theft; the jury assessed punishment at ten years.

The indictment alleged the theft of $1250 from Benny McCulloch.

The State introduced evidence that a 1968 Ford automobile was sold to the complainant, Benny McCulloch, by an accomplice witness, Orval Gibson, and appellant, on January 9, 1971, for $1250.00. Other evidence revealed that the Ford automobile had been stolen in Houston from Steve Barron. Gibson testified that appellant planned and directed a scheme by which Gibson stole Barron's Ford, purchased a similar model wrecked Ford from Frank Smith's salvage yard in Austin, and switched vehicle identification numbers from the wrecked automobile to the stolen one. Barnes arranged for the sale of the stolen vehicle to McCulloch.

Appellant first complains of the introduction into evidence of a complete "pen packet" of prior convictions at the punishment stage of the trial which included certified copies of the indictments.

Appellant stipulated that he had been convicted in some five prior felony cases. The judgments and sentences of three of these revealed that the convictions were for theft over fifty dollars. Appellant did not object to the introduction of these judgments and sentences but did, however, object to the introduction of the indict-

ments which revealed that the three prior felony theft convictions involved automobile theft. He urges that this inflamed the minds of the jury.

Article 37.07(d)(a), Vernon's Ann.C.C. P., provides, in part, that at the punishment stage, "evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character." See Cain v. State, 468 S.W.2d 856, where this Court wrote that "the State, while authorized to prove the accused's 'prior criminal record' by virtue of Article 37.07, supra, is not authorized to prove the details of every offense resulting in a conviction which forms a part of the 'prior criminal record.' "

Wright v. State, Tex.Cr.App., 364 S.W. 2d 384, 386, held that allegations in an indictment for rape showing that the defendant had been previously convicted of a similar offense were not improper and that in alleging the former conviction, it is not error to allege the nature of the offense. The Court also held that the appellant could not, by stipulation, prevent the State from making proof of the prior alleged conviction, including the indictment. See also Rodriguez v. State, Tex.Cr.App., 373 S.W.2d 258, and Asay v. State, Tex.Cr. App., 456 S.W.2d 903.

No error has been shown.

Next, appellant contends the trial court erred in admitting testimony concerning extraneous offenses committed by appellant.

Gibson, the accomplice witness, testified that he worked with appellant some nine times in similar transactions involving the purchase of salvaged automobiles, the switching of vehicle identification numbers, and the sale of stolen vehicles with the switched numbers and new automobile tags. He further explained how each step in the scheme was accomplished. More particularly, Gibson testified that he and Barnes went to Wichita Falls to steal a 1968 Pontiac G.T.O. Dallas Detective James Hobbs testified that the Pontiac was discovered at appellant's home when the arrest was made. Appellant's objection to the introduction of this evidence was overruled.

■ The State contends that the complained of testimony is admissible under an exception to the general rule that an accused is entitled to be tried on the accusation made in the State's pleading and that he should not be tried for some collateral crime or for being a criminal generally. Albrecht v. State, Tex.Cr.App., 486 S.W.2d 97, 100; Rodriguez v. State, Tex.Cr.App., 486 S.W.2d 355. That exception provides that evidence of other crimes committed by the accused may be admitted, however, where such evidence is shown to be both material and relevant to a contested issue in the case. Grayson v. State, Tex.Cr. App., 481 S.W.2d 859; Jones v. State, Tex.Cr.App., 481 S.W.2d 900.

■ Evidence of extraneous offenses committed by the accused is admissible to show intent, motive, scienter, system or malice. 23 Tex.Jur.2d, Evidence, Section 195.

■ The act of assisting in the negotiation of the sale of an automobile is not one from which guilt can be inferred. This Court has consistently held that since the State must prove scienter, collateral offenses which form a part of the same continuing criminal design as the offense in question are admissible on this issue as a part of the State's main case. Albrecht v. State, supra, 487 S.W.2d, at 103. This rule has been consistently upheld in forgery cases:

"On the issue of guilty intent or knowledge, evidence of other forgeries is admissible to show the state of mind with which the crime in suit was perpetrated. . . ." 25 Tex.Jur.2d, Forgery, Section 59.

■ We hold that the testimony of the extraneous offenses involving the theft and sale of other automobiles was properly admissible to prove knowledge and intent of appellant.

Third, appellant contends that the State failed to elect between swindling and theft by false pretext as the basis for its prosecution, as required by Article 1549, Vernon's Ann.P.C.

■■ The record discloses that the indictment charged appellant with the offense of theft over fifty dollars and contained only one count. The jury was charged on theft by false pretext. It is a well established rule that a conviction for theft by false pretext may be had upon a general indictment for theft. Bearden v. State, Tex.Cr.App., 487 S.W.2d 739. No election was therefore required. Appellant's contention is without merit.

Fourth, appellant contends that the trial court erred in making an improper comment on the weight of the evidence during the State's closing argument at the guilt stage of the trial when the following occurred:

"MR. ZIMMERMANN (Assistant District Attorney): . . . Recollect how when they got in the house there in the garage was a vehicle identification plate which we know goes on a Pontiac which they were fixing to put on that Pontiac from Wichita Falls?

"DEFENSE COUNSEL: I object to that as conclusion.

"MR. ZIMMERMANN: It's a reasonable deduction from the evidence.

"THE COURT: Counsel, I would assume that that was deduction from the evidence. Overrule objection."

Article 38.05, V.A.C.C.P., provides:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he . . . make any remark calculated to convey to the jury his opinion of the case."

■ In Minor v. State, Tex.Cr.App., 469 S.W.2d 579, we held that to constitute reversible error in violation of Article 38.05, supra, the comment of the court must be such that it is reasonably calculated to prejudice the appellant's rights by injuring him or by benefitting the State.

■ The trial judge's explanation of the basis for his ruling should not have been given; however, we do not perceive any prejudice or injury to the appellant or benefit to the State arising from the trial court's statement.

■ Finally, appellant urges that the trial court erred in overruling an objection during the State's argument at the punishment stage of trial when the following occurred:

"MR. ZIMMERMANN (Assistant District Attorney): . . . During the first hearing is, you know, probably the person who has the most individually to gain or lose from any trial, and in this trial, is the Defendant, Billy Dalton Barnes. And the second portion, there is more than just the testimony involved. Because, you see, Billy Dalton Barnes knew he was guilty.

"MR. MARKS: Object to that, Your Honor."

The objection was overruled.

The error, if any, was harmless because the jury had already found the appellant guilty when the statement was made.

There being no reversible error, the judgment is affirmed.