**Larry Warren CROSS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56040.**

Court of Criminal Appeals of Texas.

April 18, 1979.

Rehearing Denied Oct. 3, 1979.

479

Donald F. McNiel, II, Stephenville, for appellant.

Robert J. Glasgow, Dist. Atty. and William L. Martin, Jr., Asst. Dist. Atty., Stephenville, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

ROBERTS, Justice.

A jury found the appellant guilty of murder and fixed the punishment at confinement for life.

The appellant complains of three occasions on which the trial court admitted evidence of extraneous offenses. We note that these complaints are presented in one, multifarious ground of error, in disregard of subdivision 9 of Article 40.09, Texas Code of Criminal Procedure. Nevertheless, we shall review the complaints because of the nature of the case.

The victim was shot once in (or near) a bar. It was undisputed that the appellant fired his gun at least twice and that two other people fired their guns. No witness could testify that he saw the appellant shoot the victim because the witnesses "scattered" when the appellant fired the first shot (which struck no one). The State's theory was that the appellant shot the victim, who staggered out of the bar and fell. The appellant's theory was that the victim was shot outside the bar by a witness who admitted firing his gun. The appellant also said that the victim had a gun. The jury was instructed on the law of circumstantial evidence.

On direct examination in the guilt phase of the trial, the appellant admitted going to prison for a prior felony conviction of burglary. When the State began to cross-examine the appellant about this conviction, the appellant's counsel made the following motion, outside the presence of the jury:

"MR. McNIEL: May it please the Court, the record in which the District Attorney is proceeding into as to the date of conviction of the defendant, Larry Warren Cross, also reveals that he was at the time put on probation, and the probation was subsequently revoked. I would like to make a motion that the District Attorney be instructed not to give before this jury the reason for the revocation of probation, it's not relevant, it's not a conviction itself and I think the District Attorney should be limited solely in order to

present prejudice in this case to his one conviction which the record appears on the record to be a burglary conviction and I would request the Court to instruct the District Attorney outside the presence of the jury."

The court overruled the motion. The jury returned, and cross-examination continued:

"Q. Was your probation revoked because on the 4th day of July, 1971, you did make an assault on Edmond Carroll by shooting him with a gun?

"THE COURT: All right. Just a moment. Don't answer yet.

"MR. McNIEL: Judge, I object on the ground that he was not convicted of shooting this man with a gun, number two, highly prejudicial and it's inadmissable, Your Honor.

"THE COURT: Overruled.

"Q. Was that the allegation Mr. Cleveland made when he filed a motion to revoke your probation in this District Court?

"A. Was it the allegation—what do you mean by allegation?

"Q. Is that what he alleged in his motion when he revoked your probation?

"A. I guess so..

"Q. You had a hearing on it didn't you?

"A. Yes.

"Q. Didn't he put evidence in Court about you shooting Edmond Carroll with a gun?

"A. I shot him in self-defense.

"Q. Just like this case?

"A. I didn't shoot this case.

"Q. And the Court revoked your probation?

"A. He did."

Later in the guilt phase, the State offered a "pen packet." This included copies of the motion to revoke probation and the order revoking probation, both of which included as the ground that on July 4, 1971 the appellant assaulted Edmond Carroll by shooting him with a gun, not in self-defense. The appellant's objection to these pages was overruled, and the entire packet was admitted.

■ By admitting the testimony and the exhibit as evidence of the probation revocation, the trial court committed errors. Proof of prior acts of misconduct is not admissible as evidence of a defendant's guilt, but it may be admissible to impeach the credibility of a defendant who testifies. See C. McCormick & R. Ray, Evidence (2d ed.), Section 649. Even when their use is limited to impeachment, not all acts may be proved; a conviction must have resulted. *Thrash v. State,* 482 S.W.2d 213 (Tex.Cr. App.1972). Article 38.29 of the Texas Code of Criminal Procedure provides that impeachment by proof of an indictment, information, or complaint is allowed only if on trial a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or the witness has been placed on probation and the period of probation has not expired. (There are also other restrictions, such as the remoteness of the offense, but these are not material here.)

■ We apply these rules to this case, and hold that it was error to admit proof of the misconduct for which the appellant's probation was revoked. The assault was a prior act of misconduct, but it did not result in a conviction, for revocation of probation is not a conviction. *Hulsey v. State,* 447 S.W.2d 165 (Tex.Cr.App.1969). The requirement of Article 38.29 that there have been a trial was not met, for probation revocation proceedings are not trials. *Bennett v. State,* 476 S.W.2d 281 (Tex.Cr.App. 1972). Probation revocation proceedings are administrative in nature. *Davenport v. State,* 574 S.W.2d 73 (Tex.Cr.App.1978). A violation of probation conditions need be proved only by a preponderance of the evidence, not beyond a reasonable doubt (as is required for a conviction, a suspended sentence, or a judgment granting probation). *Russell v. State,* 551 S.W.2d 710 (Tex.Cr. App.1977), cert. denied, 434 U.S. 954, 98 S.Ct. 480, 54 L.Ed.2d 312. Its value as proof of prior misconduct is correspondingly lower. Because of these differences, a probation revocation does not fall within the "conviction exception" to the general rule forbidding proof of prior acts of misconduct.

We also note that there was no need for the State to have offered such proof in order to impeach the witness's credibility. The rationale of this method of impeachment is that the fact-finder may regard as less credible the word of a felon (or person convicted of a crime of moral turpitude). Here, the appellant had already testified that he was convicted of the felony of burglary and confined in the Texas Department of Corrections. Even had he not so testified, the State need not offer proof of his probation revocation to impeach him. The State could prove the conviction, and the burden would be on the defendant (unless the record otherwise reflected) to show that the conviction was not final. *Smith v. State,* 409 S.W.2d 409 (Tex.Cr.App.1966), cert. denied, 389 U.S. 822, 88 S.Ct. 45, 19 L.Ed.2d 73; *Cyrus v. State,* 500 S.W.2d 656 (Tex.Cr.App.1973). Proof of the fact of probation revocation was unnecessary for impeachment.

■ We also note that, even had the offense which was described in the probation revocation motion and order resulted in a conviction, the conviction could not have been used for impeachment. On the date alleged, aggravated assault with a deadly weapon was neither a felony (Vernon's Annotated Texas Penal Code, Articles 1147 & 1148) nor a crime of moral turpitude (*Valdez v. State,* 450 S.W.2d 624 (Tex.Cr.App. 1970)), and such a conviction cannot be used to impeach.

■ The State contends that the grounds of error were not preserved by proper objections. We cannot agree. In each instance, the appellant told the court that the proof was not of a conviction, which is precisely the problem.

■ Next, the State argues that proof of the extraneous assault, even though there was no conviction, was admissible to prove identity. This argument has no merit. There was no question of identity. The only question was, which of the shots which were fired from various guns was the one that struck the victim.

Finally, the State contends that the errors were harmless because of overwhelming proof of the appellant's guilt. We do not agree. The questions and answers quoted above not only inform the jury that the appellant previously shot someone, they also strongly imply that the appellant fabricates false defenses. This is very prejudicial, and we cannot say that the State's proof was so overwhelming that we can hold the error to have been harmless.

In view of our holding, we need not discuss the third complaint in the appellant's multifarious ground of error.

The judgment is reversed and the cause remanded.

DALLY, J., concurs in the result.

DOUGLAS, Judge, dissenting.

The majority holds "that it was error to admit proof of the misconduct for which the appellant's probation was revoked." The majority fails to recognize that the "proof of the misconduct" was in no greater detail than that contained in the motion to revoke probation. Since the motion to revoke probation was admissible, no harm was done to appellant.

Article 38.29, V.A.C.C.P., provides that a defendant may be impeached by evidence of a *final* conviction. A conviction is not final or otherwise admissible under Article 38.29 if the defendant has served out his probation. We have held that proof of a final conviction may include the indictment. *Barnes v. State,* 503 S.W.2d 267 (Tex.Cr. App.1974). We have also held that the defense could not prevent proof of the prior conviction, including the indictment, by stipulating to the conviction. *Barnes v. State,* supra; *Wright v. State,* 364 S.W.2d 384 (Tex.Cr.App.1963).

In the instant case, Cross took the stand and subjected himself to impeachment through use of his prior conviction for burglary. The documentary proof of the conviction, whether in the form of the original judgment and order granting probation or in the form of the order revoking probation, would necessarily indicate that probation was granted and revoked. Thus the fact of Cross' probation could be proved to show the finality of the burglary conviction. Since the indictment may be introduced as part of the proof of a conviction, there is no reason that the motion to revoke probation cannot be introduced as part of the proof that probation was revoked.

The motion to revoke probation introduced in this case contained the following details:

"  .  .  .  did on the 4th day of July, 1971, violate the terms of said probation by making an assault upon Edmond Carroll, and by shooting the said Edmond Carroll with a gun, such shooting not being in his own necessary self-defense."

The order revoking probation contained no additional facts. The prosecution, in cross-examining Cross on the incident, did not elicit any additional facts.

This writer agrees with the majority's basic premise; the underlying details of the misconduct which forms the basis for either a conviction or probation revocation should not be admissible. However, the majority goes too far in applying this principle to the facts of this case. The State was entitled to prove Cross' prior, final conviction. The documents proving the conviction indicate that his probation was revoked because of a shooting. Neither the motion to revoke nor the State's cross-examination showed any additional details. Given these facts, no error is shown.