**Jimmy Dewayne GORDON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0009–CR.**

Court of Appeals of Texas, Tyler.

Sept. 3, 1982.

---

Sam B. Cobb, Jr., Tyler, for appellant.

Hunter B. Brush, Dist. Atty., Tyler, for appellee.

SUMMERS, Chief Justice.

This is an appeal from an order revoking the probation of appellant and sentencing him to four years confinement in the Texas Department of Corrections.

We affirm.

On March 26, 1979, the appellant was indicted for the offense of burglary of a vehicle. On May 21, 1979, the appellant entered a plea of guilty to the allegations of the indictment, and July 23, 1979, he was sentenced to four years confinement in the

Texas Department of Corrections and a fine of $500.00. The four years confinement was suspended and the appellant was placed on probation for a period of four years.

On July 29, 1981, an application to revoke probation was filed. A hearing was held on August 6, 1981, and appellant's probation was revoked.

Immediately prior to the hearing, appellant's appointed counsel, Sam B. Cobb, Jr., filed an unsworn motion to withdraw as counsel grounded on the fact that "he [could not] competently represent the defendant in a criminal proceeding." When advised that the trial court would hear the motion and any argument or witnesses that counsel would offer, counsel stated to the court that he would stand on the motion. No evidence was offered in support thereof. Counsel's motion was denied, and the revocation hearing proceeded at which counsel represented the appellant.

The sole ground of error is that the trial court erred in denying the motion to withdraw as counsel. We do not agree.

Appellant first argues that the trial court's action violated appellant's right to the effective assistance of counsel as guaranteed by the 6th and 14th Amendments to the Constitution of the United States. Appellant further cites *Mempa v. Ray,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) for the position that a probationer has a right to effective assistance of counsel at a revocation hearing. However, at the hearing on his motion to withdraw counsel failed to produce any evidence that he was, in fact, incompetent in handling criminal matters.[1] Moreover, we have carefully reviewed the record in this case and find no evidence of ineffective assistance of counsel.

Counsel next argues that his motion to withdraw should have been granted because under Canon 6 and DR 6–101, State Bar of Texas, Rules and Code of Professional Responsibility (Code), he was precluded

1. We note, though, that a probation revocation is an administrative hearing and not a criminal proceeding. *Cross v. State,* 586 S.W.2d 478 (Tex.Cr.App.1979); *Davenport v. State,* 574 S.W.2d 73 (Tex.Cr.App.1979).

from accepting a legal matter in which he knows he is not competent to handle.[2] As we have already indicated, we do not find that counsel was ineffective in this matter. Furthermore, counsel's violation of the code would not be grounds for reversing the judgment in this case.

Accordingly, we overrule appellant's ground of error and affirm the judgment below.

---

**2.** We also note under Cannon 2, EC 2–29, a court appointed lawyer should not seek to be excused from the representation except for compelling reasons.