Clarence BROWN, Appellant,

v.

STATE of Texas, State.

No. 2–83–229–CR.

Court of Appeals of Texas, Fort Worth.

March 14, 1984.

Sharon E. Giraud, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Robert K. Gill, Asst. Dist. Atty., Fort Worth, for the State.

## OPINION

JORDAN, Justice.

This is an appeal from a conviction for aggravated robbery. Punishment, enhanced by one prior felony conviction, was assessed by a jury at fifty years imprisonment in the Texas Department of Corrections.

We affirm.

Appellant's first ground of error complains of the trial court's denial of a motion to dismiss for violation of the Speedy Trial Act. The record reflects that appellant was arrested on July 29, 1982 and was indicted on October 1, 1982. The State announced ready on October 19, 1982, well within the controlling 120-day time period from the commencement of this criminal action.[1] Subsequent announcements of

ready were made by the State at pre-trials on the following dates: December 21, 1982; February 4, 1983; March 18, 1983; May 13, 1983. It is appellant's contention that the State was neither ready for trial on October 19, 1982 nor was it ready at any time within the 120-day period from July 29, 1982.

■ The State's timely announcement of ready was a prima facie showing of the State's readiness for trial as contemplated by TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1982–1983). *See Lee v. State*, 641 S.W.2d 533, 535 (Tex.Cr.App. 1982). The burden was, therefore, on appellant to rebut this showing. At the hearing on appellant's motion to dismiss, the prosecutor testified that she had not conducted personal interviews with the State's witnesses until approximately two months before the trial which commenced on May 23, 1983. Appellant contends that this admission by the prosecutor was sufficient to rebut the State's prima facie showing of readiness and to establish that the State was not prepared for trial within the 120-day period from the date of appellant's arrest. We disagree.

■ This court has previously held that a showing that the prosecutor had not conducted personal interviews with the State's witnesses at the time of the State's announcement of ready is *not* sufficient to rebut the State's prima facie showing of readiness for trial. *Walters v. State*, 628 S.W.2d 526, 528 (Tex.App.—Fort Worth 1982, no pet.). Under *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979), the State's prima facie showing of readiness may be rebutted by, among other things, proof that the State did not have a key witness or piece of evidence available by the last day of the applicable time limit. No such showing has been made in the case before us and we do not believe the evidence offered by appellant rises to the

[1]. For purposes of the Speedy Trial Act, this criminal action commenced on July 29, 1982 upon appellant's arrest. *See* TEX.CODE CRIM. PROC.ANN. art. 32A.02, sec. 2(a) (Vernon Supp. 1982–1983).

level necessary to rebut the State's prima facie showing of readiness.

The first ground of error is overruled.

Appellant's grounds of error two through four all complain of references by the State to a revocation of probation. For purposes of clarity, a brief recitation of facts pertinent to these alleged errors is necessary. The record reflects that in 1975, appellant pled guilty, in cause number 4326, to the offense of unauthorized use of a motor vehicle. Appellant was placed on six years probation for this offense. On September 2, 1977, an order revoking appellant's probation was entered, stating as the grounds for revocation, the burglary of a motor vehicle and appellant's failure to report to his probation officer. On December 5, 1977, appellant pled guilty, in cause number 10682, to the burglary of the motor vehicle for which his probation had previously been revoked. He was sentenced to six years imprisonment for this offense to run concurrently with the six year sentence imposed for the conviction for unauthorized use of a motor vehicle. Appellant was subsequently released on parole. In the indictment for the instant offense of aggravated robbery, the State alleged, in a single enhancement paragraph, only the 1977 conviction for burglary of a motor vehicle.

Appellant took the stand during the guilt-innocence phase of the trial and testified to an alibi. On cross-examination, the prosecutor attempted to impeach appellant's credibility by eliciting an admission of the 1977 conviction for burglary of a motor vehicle. Appellant admitted that he went to the penitentiary for the 1977 offense but denied that he had been convicted of the offense, apparently, being confused regarding the finality of the conviction in that case. After repeated denials of the conviction, the prosecutor asked appellant if his probation had been revoked on the same date of this conviction. An objection

to this question was sustained and the jury was instructed to disregard the question. Appellant's motion for mistrial was denied. On recross-examination, appellant did admit both the 1977 conviction and the 1975 conviction.

In his fourth ground of error (addressed first for the sake of clarity), appellant contends that the trial court committed reversible error in denying his motion for mistrial based on the State's allusion to revocation of probation. In support of his argument, appellant cites *Cross v. State*, 586 S.W.2d 478 (Tex.Cr.App.1979). *Cross* held that it was error to admit, during the guilt-innocence phase of the trial, *proof of the misconduct* for which the defendant's probation was revoked. *Cross, supra,* at 481. The Court further held that because a preponderance of the evidence standard controls in probation revocation proceedings, rather than the standard of proof beyond a reasonable doubt, a probation revocation does not fall within the "conviction exception" to the general rule forbidding impeachment by proof of prior acts of misconduct. *Cross, supra.*

■ In the case before us, the prosecutor's question asked only whether appellant's probation had been revoked, making no reference whatsoever to the specific misconduct or grounds for the revocation. Thus, the specific error committed in *Cross* did not occur in appellant's case. However, in light of the further holding of *Cross*, stated above, we believe that it was error for the prosecutor to have asked appellant whether his probation had been revoked, regardless of the fact that no reference to the grounds of revocation was made.[2]

This error, however, does not require reversal of the conviction. The trial court sustained timely objection to the question and the jury was instructed to disregard it. The question was not so clearly calculated to inflame the minds of the jurors nor was it of a character as to suggest impossibility

2. We note that in this case, as in the *Cross* case, proof of the probation revocation was unnecessary as the State had available alternative methods of proof of appellant's prior convictions for

impeachment and the burden would have been on appellant to then show that either of the convictions was not final. *Cross, supra* at 481.

of withdrawing the impression produced in the jurors' minds. Thus, the instruction to disregard was sufficient to cure the error. *Carter v. State*, 614 S.W.2d 821, 825 (Tex. Cr.App.1981).

Appellant's second ground of error complains that the trial court erred, during the punishment phase of the trial, in admitting portions of appellant's "pen packet" referring to probation revocation. When the State offered appellant's "pen packet" for admission into evidence, appellant's counsel objected to the exhibit as follows:

> Your Honor, we would object to the page which I have just shown the Court, which begins, "The State of Texas, number 4326," on the grounds that it's immaterial and irrelevant in this particular hearing, and it's inadmissible for purposes of showing the kind of prior record in a punishment hearing.

After this objection was overruled, appellant further objected:

> We would object that, throughout this exhibit there are references made to probation. We would object—They are contained on several pages throughout the exhibit. I believe the Court has seen the exhibit earlier today. We would object to each and every reference in the exhibit to probation, and ask the Court to strike the same out.

This objection was also overruled.

■ A review of the record reveals that at least five documents within the "pen packet" begin with the language "The State of Texas, number 4326." Appellant failed to have the record reflect the specific document within the multi-page exhibit to which he was objecting and, thus, the error, if any, in overruling the objection has not been preserved for review. *See Hernandez v. State*, 599 S.W.2d 614, 617 (Tex. Cr.App.1980) (Opinion on Rehearing). Even assuming that the trial court and the prosecutor were sufficiently apprised of the specific document or documents to which appellant was objecting, appellant failed to specify which portions of the specific document(s) were inadmissible. The objection to "each and every reference in the exhibit to probation" was not sufficient to identify the portions of the documents claimed to be inadmissible and, thus, was not sufficient to preserve the error, if any, for review. *See Hernandez, supra.*

■ Moreover, even if appellant's objections were sufficient, we find no error in the admission of the "pen packet" of the magnitude to require reversal of appellant's conviction. Under TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 3(a) (Vernon 1981), evidence of a defendant's prior criminal record may be offered during the punishment phase of the trial, however, the evidence of prior criminal record is limited to *final convictions* and probated or suspended sentences that have occurred prior to trial. In this case, the judgment on appellant's 1975 conviction for unauthorized use of a motor vehicle expressly stated that imposition of the sentence was suspended and that appellant was placed on probation. Therefore, it was necessary to include in the exhibit the order revoking this probation in order to establish the finality of the conviction in the case and render it admissible under art. 37.07, sec. 3(a).

■ It was error, however, to refuse to strike from the order the *grounds* for revocation of the probation. A violation of probation conditions need be proved only by a preponderance of the evidence, not beyond a reasonable doubt as is required for a conviction, suspended sentence, or judgment granting probation. *Cross, supra*, at 481. The grounds or violations set forth in the order revoking appellant's probation were thus not admissible as "prior criminal record" under art. 37.07, sec. 3(a) and should have been stricken from the exhibit.

■ Any error, however, in admitting into evidence the grounds for the revocation was waived by appellant's failure to object to testimony regarding the same evidence. *See Brown v. State*, 640 S.W.2d 275, 278 (Tex.Cr.App.1982); *Boles v. State*, 598 S.W.2d 274, 279 (Tex.Cr.App.1980). After appellant's objections to the exhibit

were overruled, the State's witness was allowed to read into the record the documents reflecting the probated sentence, the revocation of the probation *and the grounds therefor,* and the imposition of sentence after the revocation. No objection to this testimony was made on the basis that it impermissibly referred to probation or revocation of probation.

██ The only objections interposed during the reading of the exhibit into the record were to a leading question and to an allegedly non-responsive answer to a question regarding the meaning of probation. The answer objected to as being non-responsive characterized appellant's probation as giving him "a second chance." The objection was sustained and the jury was instructed to disregard the witness' response. Appellant's third ground of error asserts the trial court erred in refusing to declare a mistrial on the basis of the witness' response.

We have carefully read the record and, in our opinion, the witness' response *was* arguably responsive to the question asked. Even if it were held to be non-responsive, the objection and the instruction to disregard the statement were sufficient to cure the error.

The fifth and sixth grounds of error complain of jury argument made during both the guilt-innocence and the punishment phases of the trial in which the prosecutor admonished the jury that they must reach a verdict or the case would have to be retried. On both occasions when this argument was made, appellant's objection thereto was sustained and the jury was instructed to disregard the argument. Appellant's motions for mistrial were denied.

██ Informing the jury of the effect of failure to reach a verdict was an improper area for jury argument. The test to determine whether this error is harmless is whether there is a reasonable possibility that the argument contributed to the conviction and subsequently, in this case, to the punishment assessed. *See Garrett v. State,* 632 S.W.2d 350, 353 (Tex.Cr.App.

1982). Considering the overwhelming nature of the evidence of appellant's guilt, including his in-court identification by three eyewitnesses, we conclude that there is no reasonable possibility that this comment contributed to appellant's conviction or to the punishment assessed. This conclusion is further supported by the fact that on both occasions when this argument was made, objections were sustained and the jury was instructed to disregard.

Appellant's fifth and sixth grounds of error are overruled.

The judgment of the trial court is affirmed.