Issa v. State 






 AFFIRMED 
MAY 17, 1990
 
NO. 10-89-199-CR
Trial Court
# 87-696-C
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

MICHAEL WADIN ISSA,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 54th Judicial District Court
McLennan County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
On December 11, 1987, Appellant pleaded guilty to theft. See
TEX. PENAL CODE ANN. § 31.03 (Vernon 1989). The court deferred
adjudication and placed him on probation for five years. See TEX.
CODE CRIM. PROC. ANN. art. 42.12(5)(a) (Vernon Supp. 1990). The
State filed a motion to revoke Appellant's probation alleging that
he had committed a subsequent theft offense. On May 25, 1989, the
court held a hearing on the motion to revoke probation, found
Appellant guilty, and sentenced him to ten years in jail. 
Appellant complains that the court erred when it: (1) sentenced him
immediately upon finding him guilty, without giving him the
opportunity to be heard on punishment; (2) failed to require a
written report from a probation officer; (3) did not allow him
access to a presentence report; and (4) sentenced him without
giving him the opportunity to withdraw his guilty plea. He also
asserts that there was no evidence to support a finding that he
committed a subsequent offense. The judgment will be affirmed.
During the hearing on the motion to revoke, the State called
three witnesses, Appellant cross-examined the witnesses, and the
State rested. Appellant also rested without calling any witnesses. 
The court then heard arguments from both sides. Following
argument, Appellant requested permission to call Appellant's
probation officer for the purpose of showing that Appellant had
difficulty understanding English. This request was denied. 
Appellant's first point is that the court erred when it sentenced
him without giving him the opportunity to present mitigating
evidence. 
Because Appellant did not call any witnesses when he had the
opportunity, and because he did not object on the ground he now
asserts on appeal, he has waived any complaint. See TEX. R. APP.
PROC. 52; TEX. R. CRIM EVID. 103. Furthermore, even assuming that
the error was properly preserved, once a decision to adjudicate
guilt is reached, the court may assess punishment immediately. 
McNew v. State, 608 S.W.2d 166, 174 (Tex. Crim. App. 1978). Point
one is overruled.
Appellant's second point is that the court erred when it did
not require a written report from a probation officer. This point
is overruled because the transcript contains a written report from
Sue Lankin, a probation officer, listing the positive and negative
events which transpired while Appellant was on probation, and
recommending that Appellant's probation be revoked.
Point three is that the court erred when it did not give
Appellant access to a presentence investigation report. The
transcript contains the presentence investigation report. 
Furthermore, at the hearing on Appellant's motion for a new trial,
Appellant's attorney admitted that he knew the report was
available, that he could have seen it if he had requested, and that
he never asked to see it because he had "been informed that
everything was okay, and [that Appellant] was going to get deferred
adjudication." Clearly Appellant was permitted to see the report,
he simply chose not to. See TEX. CODE CRIM. WAS. ANN. art.
42.12(9) (Vernon Supp. 1990). Point three is overruled.
Appellant's fourth point is that the court erred when it
sentenced him to ten years in prison without: (1) allowing him to
withdraw his guilty plea; or (2) following the prior plea-bargain,
wherein the State recommended five years in prison. At a probation
revocation hearing, the court has the discretion to revoke the
probation and proceed as if there had been no probation. Id. at
art. 42.12(26)(a). The court did not abuse its discretion when it
revoked Appellant's probation and proceeded on his prior guilty
plea. Furthermore, a court's decision to proceed to an
adjudication of guilt on the original charge will not be disturbed
unless there was an abuse of discretion. Williams v. State, 592
S.W.2d 931, 932-33 (Tex. Crim. App. [Panel Op.] 1979). Here, the
court did not abuse its discretion when it adjudged him guilty of
the original charge, theft.
Additionally, although under the plea-bargain agreement
Appellant was placed on probation for five years, the court did not
err when it sentenced Appellant to ten years in prison. See McNew,
608 S.W.2d at 169. Point four is overruled.
Finally, in point five, Appellant argues that there was no
evidence to support a finding that he violated a condition of his
probation, and no evidence to support the adjudication of his
guilt. The State has the burden of proving every element of the
offense relied on as a basis for revocation of probation by a
preponderance of the evidence. Cross v. State, 586 S.W.2d 478, 481
(Tex. Crim. App. 1979). When sufficiency of the evidence is
challenged, the evidence is viewed in the light most favorable to
the court's finding. Garrett v. State, 619 S.W.2d 172, 174 (Tex.
Crim. App. [Panel Op.] 1981). Furthermore, the court is the judge
of the credibility of the witnesses and the weight to be given
their testimony. Id.
Curtis Hand, a probation officer, testified at the revocation
hearing that Appellant was on probation. Michael Rozacky, a "unit
director" at H.E.B., testified that on December 6, 1988, he
observed Appellant leave H.E.B. with $267 worth of groceries after
paying only $47. He also stated that none of his employees had
been authorized to allow Appellant to have the groceries without
paying the entire amount. Tommy Williamson, a service director at
H.E.B., claimed that not all the items that Appellant left the
store with were "scanned," and that the checker "never touched"
most of the items. Williamson waited for Appellant to leave the
store, approached him in the parking lot and said: "I don't believe
you paid for everything you bought." He then escorted Appellant
back into the store and called the police. Based on this evidence
and the record as a whole, the State met its burden of proving by
a preponderance of the evidence that Appellant committed theft
while on probation. Point five is overruled.
Affirmed.
 
                               TERRY R. MEANS
DO NOT PUBLISHJustice