NO. 12-00-00309-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


KENNETH PAYNE, III,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 Kenneth Dude Payne, III ("Appellant") appeals his conviction for theft for which a jury
assessed punishment at imprisonment for two years and a fine of $10,000.00. Appellant raises three
issues on appeal. We affirm.


Background

 On December 17, 1999, Appellant entered D&N Grocery owned by Dale Klinner ("Klinner"). 
Klinner testified that he saw Appellant enter his store, empty-handed, take a king-size Snickers
candy bar from a shelf in the candy aisle and conceal it inside the front of his pants. As Appellant
approached the front of the store, Klinner stopped him and told him to remove the candy bar from
his pants. Appellant immediately complied with Klinner's request. One of the store clerks then
contacted police, who ultimately arrested Appellant for theft. Klinner testified that he owned the
candy bar, that its value was less than $1,500.00, that Appellant exercised control over the item by
concealing it in his pants, and that Appellant did not have his consent to take the candy bar. Klinner
also testified that on the advice of the arresting officer, he disposed of the candy bar, which he
considered to be a perishable item.

 At trial, Appellant testified that he did not take the candy bar from Klinner's store, but rather
stated that he purchased it at another store prior to entering D&N Grocery. Appellant testified that
he had the candy bar in his pocket with other items, but transferred it to the front of his pants so that
it would not get "gushy." Appellant further testified that he told both Klinner and the arresting
officer, Jeffrey Rackliff ("Rackliff"), that he had purchased the candy bar earlier. Both Klinner and
Rackliff deny that Appellant made any such statement. Further, Klinner testified that when he took
the candy bar from Appellant, he noted that the price tag was in the location that D&N Grocery
always placed the price tags and that the candy bar was marked as being the same price as D&N
Grocery charged for a king-size Snickers candy bar. (1)


Legal Sufficiency

 Appellant contends that the evidence was both legally and factually insufficient to support
his conviction. Legal sufficiency is the constitutional minimum required by the Due Process Clause
of the Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S.
307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State, 6
S.W.3d 1, 6 (Tex. App.-San Antonio 1999, no pet.). The standard for reviewing a legal sufficiency
challenge is whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v.
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most
favorable to the jury's verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871
S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by
the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed.
2d 652 (1982).

 In the case at hand, Appellant was charged with theft. See Tex. Pen. Code. Ann. § 31.03
(Vernon Supp. 2002) (a person commits theft if he unlawfully appropriates property with the intent
to deprive the owner of property without the owner's effective consent). Klinner testified that he
owned the candy bar at issue, that its value was less than $1,500.00, and that he saw Appellant take
the candy bar from the shelf and exercise control over it by concealing it in his pants. Klinner further
testified that Appellant did not have his consent to take the candy bar and was walking toward the
front of the store when Klinner stopped him. Further still, Klinner testified that when he took the
candy bar from Appellant, he noted that the price tag was in the location that D&N Grocery always
placed the price tags and that the candy bar was marked as being the same price as D&N Grocery
charged for a king-size Snickers candy bar. Moreover, the State of Texas (the "State") elicited
testimony from Appellant on cross-examination that Appellant had been convicted for theft on six
prior occasions. See Barnes v. State, 503 S.W.2d 267, 270 (Tex. Crim. App. 1974) (held that the
testimony of extraneous offenses involving the theft was admissible to prove knowledge and intent
of appellant). We conclude that a rational trier of fact could have found the essential elements of the
offense of theft beyond a reasonable doubt and hold that the evidence is legally sufficient to support
Appellant's conviction for theft. Appellant's first issue is overruled.


Factual Sufficiency

 Turning to the factual sufficiency review process, we first assume that the evidence is legally
sufficient under the Jackson standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.
1996). We then consider all of the evidence in the record related to Appellant's sufficiency
challenge, not just the evidence which supports the verdict. Id. We review the evidence weighed
by the jury which tends to prove the existence of the fact in dispute, and compare it to the evidence
which tends to disprove that fact. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997). We may disagree with the jury's determination, even if probative evidence exists that
supports the verdict. See Clewis, 922 S.W.2d at 133. However, our evaluation should not
substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness
testimony. See Santellan, 939 S.W.2d at 164. Where there is conflicting evidence, the jury's verdict
on such matters is generally regarded as conclusive. See VanZandt v. State, 932 S.W.2d 88, 96
(Tex. App.-El Paso 1996, pet. ref'd). We will reverse only when the verdict is against the great
weight of the evidence presented at trial so as to be clearly wrong and unjust. See Clewis, 922
S.W.2d at 134. 

 Appellant argues that the evidence is factually insufficient because the State failed to
introduce evidence of the actual candy bar allegedly taken by Appellant. Klinner testified that he
disposed of the candy bar, a perishable item, on the advice of the arresting officer. Appellant
contends that without such evidence, a reasonable jury could not find Appellant guilty. Appellant
also argues that the testimony is conflicting as to whether Klinner actually saw Appellant take the
candy bar from his shelf. We iterate that where there is conflicting evidence, the jury's verdict on
such matters is generally regarded as conclusive. See Van Zandt. 932 S.W.2d at 96. The jury was
entitled to find that Klinner was a more credible witness than Appellant or that Klinner's version of
the story was a more accurate account than the version of the story offered by Appellant. See
Thompson v. State, 54 S.W.3d 88, 97 (Tex. App.-Tyler 2001, no pet.). It follows that the jury was
entitled to rely on Klinner's testimony alone, despite the fact that the candy bar had been disposed
of and was not admitted as evidence at trial. Our review of the record does not uncover any great
weight of evidence in conflict with the verdict so as to cause us to conclude that the verdict is clearly
wrong and unjust. Therefore, we hold that the evidence is factually sufficient to support Appellant's
conviction. Appellant's second issue is overruled.


Sufficiency of the Evidence Regarding Appellant's Sentence

 Appellant briefly argues that "a punishment of confinement for two years in the State Jail and
a $10,000.00 fine for these allegations is unwarranted from the evidence presented." The range of
punishment for a state jail felony is set by the legislature in the Texas Penal Code as confinement
for "not more than two years or less than 180 days." Tex. Pen. Code Ann. §12.35(a) (Vernon1994). 
In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by
a fine not to exceed $10,000. Tex. Pen. Code Ann. § 12.35(b) (Vernon 1994). As a general rule,
a penalty assessed within the range of punishment established by the legislature will not be disturbed
on appeal. See Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Appellant has made
no discernible argument, other than the language quoted above, that the punishment is unreasonable,
or otherwise unsupported by the evidence, which clearly supports that Appellant was convicted of
theft, a state jail felony. See Tex. Pen. Code Ann. § 31.03(e)(4)(A) (Vernon Supp. 2002). At the
punishment phase of a non-capital criminal case, the jury's function is not, as in a capital case, to
make discrete findings of fact. See Smith v. State, 898 S.W.2d 838, 865 (Tex. Crim. App. 1995). 
Instead the jury decides what term of punishment is appropriate within the statutorily prescribed
range. Id. Deciding what punishment to assess is a normative process, not intrinsically fact bound. 
Id. As such, we hold that the evidence is not insufficient to support the jury's assessment of
punishment against Appellant. Appellant's third issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


Opinion delivered January 30, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

















( DO NOT PUBLISH)
1. Klinner testified that D&N Grocery charged $.79 plus tax for a king-size Snickers candy bar, which was
less than any local competitor. He further testified that D&N Grocery always placed its price tags for such items in
the top, right-hand corner of the package, unlike all other local competitors.