

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NOS.  2-07-408-CR**
**2-07-409-CR**

LUTHER BEN LONG                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Luther Ben Long appeals his convictions for robbery and aggravated robbery.  We affirm.

On September 30, 2006, appellant walked into the All New Game Room in Arlington, Texas, hog-tied an employee, and stole all the money from the

---

[1] *See* Tex. R. App. P. 47.4.

cash box.  On October 9, he used a black .357 revolver to take $1,100 in small

bills from the Mom's Triple 7 Game Room, also in Arlington.

The two cases were consolidated for trial, and after hearing evidence, a

jury found appellant guilty of robbery and aggravated robbery with a deadly

weapon.  During the punishment phase, the trial court granted appellant a

mistrial and ordered a new punishment hearing.  A second jury was called, and

after hearing evidence on punishment, it assessed twenty years' confinement

for the robbery and twenty-seven years for the aggravated robbery.  The trial

court sentenced appellant accordingly and ordered the sentences to run

concurrently.

In his first point, appellant claims that the evidence is legally insufficient

to prove that he used a deadly weapon during the aggravated robbery at Mom's

Triple 7.

The use of a "deadly weapon" is an essential element of aggravated

robbery as it was charged in appellant's indictment.[2]  A firearm is a deadly

weapon per se.[3]  Testimony using any of the terms "gun," "pistol," or

---

[2] Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003).

[3] *Id.* § 1.07(a)(17)(A) (Vernon Supp. 2008).

"revolver" is sufficient to authorize a jury to find that a deadly weapon was used.[4]

Here, the evidence showed that Joseph Sanchez reported to police that appellant had used a .357 held down by his side to conduct a robbery at Mom's Triple 7. Officers searched appellant's home, and although they did not recover a weapon, they found .38 long revolver ammunition and a holster, both of which would fit a .357 revolver. Arlington Police Detective Kyle Dishko testified that a .357 is a firearm, a handgun, a revolver, and a deadly weapon. Joseph testified that appellant used a "gun" to rob him, and at various times during trial he referred to the gun as a "revolver," "black revolver," "large black handgun," and a "large black pistol." We hold this evidence is legally sufficient to show that appellant used a deadly weapon and overrule appellant's first point.[5]

In his second and third points, appellant complains of four of the prosecutor's remarks during closing argument and of one comment by the trial court.

---

[4] *Wright v. State*, 591 S.W.2d 458, 459 (Tex. Crim. App. [Panel Op.] 1979).

[5] *See id*.; *Lusk v. State*, No. 02-08-012-CR, 2008 WL 4938105, at *2–3 (Tex. App.—Fort Worth, Nov. 20, 2008, pet. ref'd) (mem. op., not designated for publication).

The law provides for, and presumes, a fair trial free from improper argument by the State.[6] To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.[7] To determine whether a party's argument properly falls within one of these categories, the appellate court should consider the argument in light of the record as a whole.[8]

It has long been established that the State cannot use closing argument to get before the jury evidence that is outside the record and prejudicial to the accused.[9] However, the State is allowed wide latitude in drawing inferences from the evidence so long as the inferences are reasonable, fair, legitimate, and offered in good faith.[10]

---

[6] *See Thompson v. State*, 89 S.W.3d 843, 850 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

[7] *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

[8] *Sandoval v. State*, 52 S.W.3d 851, 857 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd).

[9] *See Everett v. State*, 707 S.W.2d 638, 641 (Tex. Crim. App. 1986).

[10] *See Shannon v. State*, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996); *Barnes v. State*, 70 S.W.3d 294, 308 (Tex. App.—Fort Worth 2002, pet. ref'd).

When a trial court sustains an objection and instructs the jury to disregard the state's argument but denies a defendant's motion for mistrial, the issue is whether the trial court abused its discretion in denying the mistrial.[11] Its resolution depends on whether the court's instruction to disregard cured any prejudicial effect.[12] An instruction to disregard is presumed to cure the harm.[13] If the instruction cured any harm caused by the improper argument, a reviewing court should find that the trial court did not err; almost any improper argument may be cured by an instruction to disregard.[14] It is presumed that the jury will follow a court's instruction to disregard a comment.[15] Only if the reviewing court determines that the instruction was ineffective does the court go on to determine whether the error was harmful.[16]

---

[11] *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

[12] *Id.*

[13] *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001).

[14] *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App.), *cert. denied*, 516 U.S. 832 (1995); *Faulkner v. State*, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref'd).

[15] *Wesbrook*, 29 S.W.3d at 116.

[16] Tex. R. App. P. 44.2.

Error resulting from improper jury argument is nonconstitutional in nature.[17] Therefore, if the State's argument was improper and not cured by the instruction to disregard, this court must conduct the harm analysis prescribed by Rule 44.2(b) of the Texas Rules of Appellate Procedure.[18] Under this rule, an error "that does not affect substantial rights must be disregarded."[19] Substantial rights are affected when the error had a substantial and injurious influence on the jury's verdict.[20] An error that has no influence, or only a slight influence, on the verdict should be deemed harmless.[21] However, if the reviewing court is unsure whether the error affected the outcome, the court should treat the error as harmful.[22] Neither party has a burden of proof under Rule 44.2(b).[23] Rather, the appellate court will examine the record for purposes of determining harm.[24]

---

[17] *Martinez v. State*, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000).

[18] *See* Tex. R. App. P. 44.2(b).

[19] *Id.*

[20] *Johnson v. State*, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001).

[21] *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

[22] *Webb v. State*, 36 S.W.3d 164, 182 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

[23] *Id.*

[24] *Id.*

To determine the issue of harm in the context of nonconstitutional jury argument error, a reviewing court should apply the three factors recognized in *Mosley v. State*:[25] (1) severity of the misconduct; (2) measures adopted to cure the misconduct; and (3) certainty of conviction absent the misconduct.[26]

We review a trial court's denial of a motion for mistrial for an abuse of discretion.[27] A trial court does not abuse its discretion if its decision is at least within the zone of reasonable disagreement.[28] A mistrial is an extreme remedy for prejudicial events occurring during the trial process and should be granted only when residual prejudice remains after objections are sustained and curative instructions given.[29]

---

[25] 983 S.W.2d 249, 259 (Tex. Crim. App. 1998), *cert. denied*, 526 U.S. 1070 (1999).

[26] *Id.*

[27] *See Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003); *Ladd v. State,* 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070 (2000).

[28] *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

[29] *Bauder v. State*, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *Barnett v. State*, 161 S.W.3d 128, 134 (Tex. App.—Fort Worth 2005, pet. ref'd), *aff'd* ,189 S.W.3d 272 (Tex. Crim. App. 2006).

Appellant first complains of the following remark from the opening portion of the State's final argument as an indirect comment on appellant's failure to testify:

> At the time it appears when he was interviewed on this particular disk that maybe he didn't know that everything was caught on videotape. I don't know. But clearly he said – –.

The trial court sustained appellant's objection to this remark, instructed the jury to disregard it, and denied appellant's motion for mistrial.

To determine if a prosecutor's comment constituted an impermissible reference to an accused's failure to testify, this court must decide whether the language used was manifestly intended or was of such a character that the jury naturally and necessarily would have considered it to be a comment on the defendant's failure to testify.[30] The offending language must be viewed from the jury's standpoint, and the implication that the comment referred to the accused's failure to testify must be clear.[31] A mere indirect or implied allusion to the defendant's failure to testify does not violate the accused's right to remain silent.[32]

---

[30] *See Bustamante v. State* 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).

[31] *Id.*

[32] *Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004).

8

The prosecutor's argument in this case was not a comment on appellant's failure to testify. The statement clearly alludes to the recorded statement appellant gave when he was interviewed at the police station. Thus, when examined in context of the record, the prosecutor's argument was in reference to statements made by appellant that had been previously introduced in evidence. Accordingly, the argument was not erroneous and did not constitute a comment on appellant's failure to testify.[33] Moreover, because the prosecutor's argument was permissible, the trial court could not have erred by refusing to grant appellant's request for mistrial.[34]

The second challenged comment that was made during the State's closing argument is the following:

> In this day and age many of us are afraid to be out at night. We are afraid that something will happen to our loved ones when they leave our sight. Why? Because there are people like Luther Ben Long that are out there running around. Is that right?

Appellant objected to the comment on the ground that it is "improper jury argument to start talking about other people running around like" appellant.

---

[33] *See Varughese v. State*, 892 S.W.2d 186, 191 (Tex. App.—Fort Worth 1994, pet. ref'd) (holding reference to what defendant said in a recorded statement is not a comment on his failure to testify); *Bethel v. State*, 842 S.W.2d 804, 808 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (holding that reference to statement made by the defendant to police is not a comment on his failure to testify).

[34] *See Felder*, 848 S.W.2d at 94–95; *Alejandro*, 493 S.W.2d at 231.

9

The trial court sustained the objection, instructed the jury to disregard, and denied appellant's motion for mistrial.

On appeal, appellant provides no analysis or legal argument to support his assertion that this comment was improper. The State contends that the trial court need not have sustained appellant's objection or instructed the jury to disregard because the comment was a proper plea for law enforcement. We agree.

During argument at either the guilt/innocence or punishment phases of trial, the State may present a plea for law enforcement. Such pleas take many forms, including arguing the relationship between the jury's verdict and the deterrence of crime in general; arguing that juries should deter specific crimes by their verdicts; and arguing the impact of the jury's verdict on the community.[35]

Here, the prosecutor's argument is a plea for law enforcement that properly refers to how crimes of this type generally affect the community. The court of criminal appeals has deemed similar arguments permissible.[36] Accordingly, because the argument was a plea for law enforcement, we hold

---

[35] *See Borjan v. State*, 787 S.W.2d 53, 56 (Tex. Crim. App. 1990).

[36] *See, e.g., Stone v. State*, 574 S.W.2d 85, 90 (Tex. Crim. App. [Panel Op.] 1978).

10

that the trial court need not have sustained appellant's objection and, therefore, did not abuse its discretion by denying appellant's motion for mistrial.

Appellant next claims that the trial court abused its discretion by overruling his objection to the prosecutor's calling him a "coward" and a "thug."

It is well settled that a prosecutor may argue his opinions concerning issues in the case, so long as the opinions are based on the evidence in the record and do not constitute unsworn testimony.[37] During argument, counsel may draw from the facts in evidence all inferences that are reasonable, fair, and legitimate, and he will be afforded great latitude without limitation in this respect so long as his argument is supported by the evidence and offered in good faith.[38]

In *Kennedy v. State*, this court held that an argument calling the appellant "the biggest coward that walks the face of the earth," was a reasonable deduction from the evidence.[39] In that case, we noted that other courts of appeals have upheld similar arguments in light of the facts of each case,

---

[37] *McKay v. State*, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985), *cert. denied*, 479 U.S. 871 (1986).

[38] *Griffin v. State*, 554 S.W.2d 688, 690 (Tex. Crim. App. 1977).

[39] *Kennedy v. State*, 193 S.W.3d 645, 657 (Tex. App.—Fort Worth 2006, pet. ref'd).

11

including arguments calling a defendant an "animal," a "fool," "vicious," a "liar," a "dog," a "cold-blooded killer," a "jerk," a "troublemaker," and a "one-man crime wave," and contending that a defendant "has no conscience, no heart, no recognition of right or wrong [and is] perched on the rim of hell, looking deep into it."[40]

Here, the prosecutor's argument fell within the bounds of proper jury argument when he called appellant a "thug" and a "coward" because these were reasonable deductions from the evidence.[41] The evidence in this case demonstrates that appellant entered two business establishments and robbed unarmed employees of the businesses' cash. The evidence also showed that appellant used a gun to commit the second robbery. "Thug" and "coward" are apt descriptions of someone who enters a business and robs unarmed employees at gun point. Therefore, as in *Kennedy*, the prosecutor's comment

---

[40]⬆ *Id.* (citing *Belton v. State*, 900 S.W.2d 886, 898 (Tex. App.—El Paso 1995, pet. ref'd); *Vitiello v. State*, 848 S.W.2d 885, 888 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd); *Ledesma v. State*, 828 S.W.2d 560, 563 (Tex. App.—El Paso 1992, no pet.); *Adams v. State*, 813 S.W.2d 698, 700–01 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd); *Garza v. State*, 783 S.W.2d 796, 800 (Tex. App.—San Antonio 1990, no pet.); *Varvaro v. State*, 772 S.W.2d 140, 144 (Tex. App.—Tyler 1988, pet. ref'd); *Cates v. State*, 752 S.W.2d 175, 177 (Tex. App.—Dallas 1988, no pet.)).

[41]⬆ *Kennedy*, 193 S.W.3d at 657 (holding prosecutor's comment calling the appellant "the biggest coward that walks the face of the earth," a reasonable deduction from the evidence where evidence demonstrated appellant stabbed a man and killed him without provocation).

constitutes a reasonable deduction from the evidence.[42] Accordingly, the trial court did not err by overruling appellant's objection, and we overrule appellant's challenge to this argument.

Appellant's fourth challenge is to the prosecutor's argument that he "was found with five dollar bills. It's not coincidence. It's a crime." The trial court overruled appellant's objection that having five dollar bills is not a crime and that the argument was outside the record.

The argument appellant complains of is both a summation of the evidence and a reasonable deduction from the evidence. During trial, Detective Kyle Dishko testified that he searched appellant's home on October 10, 2006. During that search, law enforcement officers discovered $373 on appellant. Of the cash found on appellant, $370 of it was comprised of five-dollar bills. Just a day before Detective Dishko conducted the search of appellant's home, Joseph Sanchez was robbed at gunpoint while working at Mom's Triple 7, a video-slot game room. The robber stole cash from the game room in the form of five-dollar bills. During closing, the prosecutor simply pointed out that when searched, appellant was found with $370 of five-dollar bills, just one day after a large amount of five-dollar bills were stolen from Mom's Triple 7 game room.

---

[42] *See id.*

This is a proper summation of the evidence adduced at trial. The prosecutor then pointed out that this fact was not a coincidence, but was evidence that appellant had robbed the Mom's Triple 7 game room. The prosecutor's deduction was reasonably based on the evidence presented at trial. Accordingly, the trial court did not err by overruling appellant's objection to the argument, and we overrule appellant's challenge to the argument.

Finally, appellant contends that the trial court erred by denying his motion for mistrial based upon his objection to the trial court's comment, "reasonable inference from the evidence," when the trial court overruled appellant's objection to the prosecutor's argument that appellant disposed of the weapon.

Texas Code of Criminal Procedure Article 38.05 provides:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.[43]

The court of criminal appeals has held that it is improper for a trial court, in overruling an appellant's objection to the State's jury argument, to comment that the argument is a "deduction from the evidence,"[44] or a "reasonable

---

[43] Tex. Crim. Proc. Ann. art. 38.05 (Vernon 1979).

[44] *Barnes v. State*, 503 S.W.2d 267, 270 (Tex. Crim. App. 1974).

14

deduction from the testimony."[45] To constitute reversible error, however, the trial court's comment must be reasonably calculated to prejudice the appellant's rights by injuring him or by benefitting the State.[46]

In this case, we find nothing in the record to show that the trial court's comment was reasonably calculated to prejudice appellant's rights or to benefit the State. Morever, the trial court promptly instructed the jury to disregard the remark. Generally, this is sufficient to cure error.[47] There is no evidence that the jury did not follow the judge's instruction to disregard her comment. Because there was no reversible error, therefore, the trial court did not abuse its discretion in overruling appellant's request for a mistrial. We overrule appellant's second and third points.

---

[45] *Ward v. State*, 243 S.W.2d 695, 696–97 (Tex. Crim. App. 1951).

[46] *Sharp v. State*, 707 S.W.2d 611, 619 (Tex. Crim. App. 1986), *cert. denied*, 488 U.S. 872 (1988); *McClory v. State*, 510 S.W.2d 932, 934 (Tex. Crim. App. 1974); *Barnes*, 503 S.W.2d at 270; *Beshears v. State*, 461 S.W.2d 122, 125 (Tex. Crim. App. 1970) (op. on reh'g).

[47] *See Waldo v. State,* 746 S.W.2d 750, 754 (Tex. Crim. App. 1988); *Marks v. State*, 617 S.W.2d 250, 252 (Tex. Crim. App. 1981).

Having overruled all of appellant's points, we affirm the judgment.


PER CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 14, 2009