**Robert Michael ARCHER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44242.**

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

Rehearing Denied Jan. 18, 1972.

Joe Hegar, Houston (Court appointed on appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Bill Huggins, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawful possession of a narcotic drug: to-wit, marihuana. The court assessed punishment at twenty-five years.

On June 27, 1969, D. D. Collins, a Houston Police Officer, met with an informer from whom he had received reliable information on approximately fifteen prior occasions. This informant told Officer Collins that a man by the name of Mike was in front of an apartment project in the 6700 block of Lozier Street selling matchboxes of marihuana. He told Officer Collins that he should proceed to the address immediately if he wanted to apprehend the seller, since the supply was quickly running out. The informant also related that he had bought a penny matchbox of marihuana from Mike that morning, and showed the matchbox to the officer.

Officer Collins proceeded to the described location, where he found appellant and another man sitting in chairs in front of the building named by the informant. The appellant stood up, on the officer's arrival, and started toward the officer's car. The appellant then stopped and placed three matchboxes in the chair in which he had been sitting. Officer Collins retrieved the matchboxes in the chair and searched appellant. Also retrieved were two paper sacks containing matchboxes. Approximately 87 matchboxes were found to contain marihuana.

Appellant contends that the warrantless arrest based on the information of the informant was invalid.

■ We disagree. In the instant case there was a sufficient showing of reliability. The information given was verified by Officer Collins' observation prior to the arrest. Officer Collins testified that, due to the informant's statement that the matchboxes were "selling like hotcakes" and would soon be gone, he did not have time to obtain a warrant. We find such facts sufficient to establish probable cause. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; Kwant v. State, 472 S.W.2d 781 (1971); Rangel v. State, Tex.Cr.App., 444 S.W.2d 924; Clifton v. State, Tex.Cr.App., 399 S.W.2d 353.

■ By the second ground of error, appellant contends that the admission of the testimony relative to the 87 matchboxes "was prejudicial to the rights of the defendant and designed to inflame the minds of the jury thereby denying him the right to a fair and impartial trial." This contention is without merit. This court stated, in Smith v. State, 474 S.W.2d 486 (1971): "It was harmful in the sense that all evidence tending to show guilt is harmful."

■ In the third ground of error it is contended that appellant "was denied his right to a fair trial by the failure of the arresting officers to comply with Article 14.06, Vernon's Ann.C.C.P., wherein they are required to take an accused before a magistrate." This was decided adversely to appellant in Harlan v. State, Tex.Cr.App., 430 S.W.2d 213. We adhere to our holding in that case.

■ By his fourth ground of error, appellant contends that the trial court committed reversible error by allowing the prosecutor, in his closing argument, to present evidence outside of the record. No objection to such argument was made at the time and the error, if any, was waived. Pyeatt v. State, Tex.Cr.App., 462 S.W.2d 952; Blassingale v. State, Tex.Cr.App., 408 S.W.2d 115. Further, no reversible error appears in the record. References to appellant as "a dealer," "a pusher," "dealing in dope," etc., were supported by the evidence.

By pro se brief, appellant contends that the statutory classification of marihuana as a narcotic drug is violative of due process and equal protection of the law. This contention is without merit. See Reyna v. State, Tex.Cr.App., 434 S. W.2d 362.

Finding no reversible error, the judgment is affirmed.