Eric Mack HILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00721–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 19, 1988.

Rehearing Denied June 16, 1988.

Walter Wright, Henry Burkholder, III, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of theft, found two enhancement paragraphs to be true, and assessed punishment at 25 years confinement.

The complainant, Constantine DeWarte, parked his 1982 Chevrolet Z28 Camero in the 10,500 block of the Gulf Freeway at 10:00 p.m. on July 5, 1986. He returned at 3:00 a.m. on July 6, 1986, to find that his car had been stolen.

At approximately 1:45 a.m. on July 6, 1986, Ronnie Chappell saw appellant driving a 1968 Chevrolet that was pulling a Z28 Camero by chain. The Camero had dummy tires and no t-tops. Chappell followed appellant, and saw the Camero become disconnected from the 1968 Chevrolet. Chappell notified Sergeant Howaniec, Houston Police Department, that the occupants of the Chevrolet had just dropped off a stolen car.

Sergeant Howaniec stopped the 1968 Chevrolet and found appellant driving, accompanied by two passengers. Officers recovered the complainant's checkbook and radio from appellant's car, and the complainant's wheels and t-tops from appellant's trunk.

Houston Police Officer Aulbaugh observed the complainant's car in the middle of the roadway of the 9800 block of Sandra with no t-tops, no mag wheels, no radio, dummy tires, and a chain around the front bumper.

Appellant's first point of error complains that there was a fatal variance between the person named in the indictment as the owner of the automobile, and the person proved at trial. The indictment alleged that the complainant's name was "Constantino Duarte," while the complainant's name was shown at trial to be "Constantine DeWarte." Appellant did not object to this variance at trial.

Under the rule of "idem sonans," no material variance will exist if the names sound alike without doing violence to the power of the letters found in the variant

orthography. Questions involving the rule of idem sonans must be raised in the first instance at trial. *Martin v. State,* 541 S.W.2d 605, 608 (Tex.Crim.App.1976). The issue raised for the first time on appeal is waived and presents nothing for review. *Id.*

Appellant's first point of error is overruled.

Appellant's second point of error claims that the evidence was insufficient to support his conviction because the State failed to prove the value of the automobile.

■■■ Value is defined as the fair market value of the property or service at the time and place of the offense. Tex.Penal Code Ann. sec. 31.08(a)(1) (Vernon 1984). Market value is the amount the property would sell for in cash, given a reasonable amount of time for selling it. *Senters v. State,* 291 S.W.2d 739, 740 (Tex.Crim.App. 1956).

■■ The complainant testified at trial that he purchased the automobile for $7,500 three months prior to the date of theft. Appellant contends that this testimony was insufficient to show that the property was valued in excess of $750 at the time of the theft, as alleged in the indictment.

In *Johnson v. State,* 676 S.W.2d 416, 418 (Tex.Crim.App.1984), the court held that when the owner of property testifies that a short time before the theft occurred he paid a certain sum of money for the property, this is sufficient to make a prima facie case of the fair market value of the item unlawfully taken.

We find that complainant's testimony that he purchased the car for $7,500 approximately three months prior to the theft was sufficient to prove that the value of the car was over $750 at the time of the theft.

When viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found that the automobile was valued at over $750.

Appellant's second point of error is overruled.

Appellant's third point of error asserts that the evidence was insufficient to support the jury's finding of true to the second enhancement paragraph because the State failed to prove that the offense resulting in the conviction alleged in the second paragraph was committed after the conviction alleged in the first enhancement paragraph became final.

Section 12.42(d) of the Texas Penal Code provides:

If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, *and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final,* on conviction he shall be punished by confinement in the Texas Department of Corrections for life.

Tex.Penal Code Ann. sec. 12.42(d) (Vernon 1984) (emphasis added).

Appellant's indictment alleged two separate enhancement paragraphs, which read as follows:

Before the commission of the offense alleged above (hereafter styled the primary offense), on January 20, 1956, in Cause No. 13,555, in the 27th Judicial District Court of Bell County, Texas, the defendant was convicted of the felony of possession of a narcotic drug to wit: heroin.

Before the commission of the primary offense, and after the conviction in Cause No. 13,555 was final, the defendant committed the felony of unlawful possession of a narcotic drug, to wit: heroin and was convicted on September 6, 1968, in Cause No. C-66-4254-HJ, in the Criminal District Court No. 3 of Dallas County, Texas.

The State introduced the judgments and sentences and a set of fingerprints for each of the two prior felony convictions alleged in the indictment. The indictments for these prior offenses were not introduced into evidence. There is nothing in the record that indicates when the offense,

upon which the second conviction was based, was committed.

■ The State was required to prove that the accused's second previous felony conviction was committed after the first previous conviction became final. *Williams v. State,* 596 S.W.2d 903 (Tex. Crim.App.1980). In this case, there was no evidence that the conviction in Cause No. 13,555 was final when appellant committed the offense in Cause No. C–66–4252–HJ.

The error occurred only in the punishment stage of the trial. Therefore, the proper remedy is to remand the cause for a new punishment hearing pursuant to Tex. Code Crim.P.Ann. art. 44.29 (Vernon Supp. 1988).

Appellant's third point of error is sustained.

■ Appellant's final point of error contends that he received ineffective assistance of counsel from his attorney appointed after sentencing, because counsel failed to file a motion for new trial raising the fact of the State's failure to prove the enhancement allegations. Appellant maintains that if the point had been raised in a motion for new trial, and the motion had been granted, he would have been entitled to a new trial on both guilt/innocence and punishment, whereas his remedy on appeal is limited to a new trial on punishment.

Appellant filed a *pro se* motion for new trial on June 1, 1987. On August 19, 1987, appellant filed a "Motion for Reduction of Third Degree Felony to Misdemeanor," alleging that the State failed to prove the enhancement allegations. The court denied both motions on August 26, 1987.

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court enunciated a two-pronged test to determine whether counsel was ineffective in his assistance at trial. Initially, the defendant must show that his counsel's performance was not reasonably effective. 466 U.S. at 690, 104 S.Ct. at 2066. If the first requirement is satisfied, the defendant must show a reasonable probability that, but for counsel's unreasonable errors, the result of the proceeding would have been different. *Id.* at 693, 104 S.Ct. at 2067.

Texas has adopted this same standard. *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). A determination of whether this standard has been met is to be judged by "the totality of the representation," rather than by isolated acts or omissions. *Butler v. State,* 716 S.W.2d 48 (Tex. Crim.App.1986).

Appellant's *pro se* motion for new trial was filed on May 22, 1987, and did not include a complaint about the enhancement proof. Appellant's counsel had 30 days in which to amend the motion to include such a claim, without leave of court. Tex.R. App.P. 31(a). Article 44.29 of the Code of Criminal Procedure provided at that time that a reversal on appeal, even if based upon error in the punishment phase of the trial, would entitle the defendant to a new trial on guilt/innocence as well as on punishment. The current art. 44.29, limiting appellant's remedy on appeal to a new trial on punishment, was not effective until August 31, 1987. Therefore, appellant's counsel was not aware, nor could he have been aware, that his failure to file an amended motion for new trial on that point could be harmful to appellant. We cannot hold counsel accountable for failure to foresee future changes in the law that might affect their clients.

Appellant's fourth point of error is overruled.

The conviction is affirmed, and the cause is remanded to the trial court for a new punishment hearing pursuant to article 44.-29.