**Demetric ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00581–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 18, 1991.
Discretionary Review Refused
Oct. 30, 1991.

Michael P. Fosher, Houston, for Adams.

John B. Holmes, Jr., Harris Co. Dist. Atty., Carol Cameron and Craig Goodhart, Asst. Harris Co. Dist. Attys., for State.

Before TREVATHAN, DUNN and DUGGAN, JJ.

OPINION

DUGGAN, Justice.

A jury found appellant guilty of the unauthorized use of a motor-propelled vehicle, found the allegations in two enhancement

paragraphs to be true, and assessed punishment at 65 years confinement. Appellant brings two points of error on appeal. We affirm.

■ In point of error one, appellant contends that the evidence is insufficient to sustain his conviction because there is a fatal variance between the person named in the indictment as the owner of the car, and the proof of the complainant at trial.

The indictment provides, in relevant part:
It is further presented that in Harris County, Texas, DEMETRIC ADAMS, hereafter styled the Defendant, heretofore on or about APRIL 2, 1990, did then and there intentionally and knowingly operate a motorpropelled vehicle, namely, an automobile owned by PEARLIE MAE HELITON, hereafter styled the Complainant, without the effective consent of the Complainant.

(Emphasis added). The transcript of the court reporter's notes reflects that Pearlie Mae Heliton was sworn in for the State.[1] Thereafter, the court reporter's notes reflect the complainant's name as being "Heilton."

Appellant contends that the prosecutor called the complainant "Mrs. Heilton" and that the complainant stated her name as being "Pearlie Mae Heilton." If there was a variance between the indictment and the proof of the complainant's name at trial, appellant failed to object to it. However, there has been no showing that the complainant was known as "Heilton." The complainant was not asked to spell her name during direct or cross-examination; thus, the change in spelling could be the result of the court reporter misspelling the complainant's name.

Under the rule of "idem sonans," if names may be sounded alike without doing violence to the power of the letters found in the variant orthography, then any variance or misspelling is immaterial. *Martin v. State*, 541 S.W.2d 605, 608 (Tex.Crim. App.1976); *Hilson v. State*, 751 S.W.2d 279, 280 (Tex.App.—Houston [1st Dist.]

1988, no pet.). Questions involving the rule of "idem sonans" must be raised in the first instance at trial. *Martin*, 541 S.W.2d at 608; *Hilson*, 751 S.W.2d at 281. Where the issue is raised for the first time on appeal, it will be treated as having been waived and will present nothing for review. *Martin*, 541 S.W.2d at 608. Appellant concedes that he failed to object to the alleged variance at trial. Thus, having failed to object to the alleged variance at trial, appellant presents nothing for review.

Point of error one is overruled.

In point of error two, appellant contends that the prosecutor's final argument during the punishment stage of the trial was so prejudicial that an instruction to disregard would not have cured the harm. During final argument the prosecutor stated:
By your verdict you've already said one thing. The man is a liar. He got on the stand. He told you. You found him guilty. He told you a story. You obviously didn't believe him.
. . . .
Look at his attitude towards you when he sat on the witness stand and lied to you by making up a story.

Appellant did not object to this argument, and thus is complaining of the alleged error for the first time on appeal.

■ It is well settled that impropriety in the State's argument is waived by a defendant's failure to make a proper and timely objection. *Romo v. State*, 631 S.W.2d 504, 505 (Tex.Crim.App.1982); *Archer v. State*, 474 S.W.2d 484, 485 (Tex.Crim.App.1971). An exception to this rule occurs when the argument of the prosecutor is so prejudicial that an instruction to disregard will not cure the harm. *Id.*

■ After reviewing the argument of the prosecutor, we cannot say that the alleged error was so prejudicial that it could not have been cured by an instruction from the court.

■ Further, the prosecutor's argument was proper. To be permissible, jury argument must fall within one of the fol-

1. The record expressly recites that: "Pearlie Mae Heliton, having been previously sworn to tell the truth, the whole truth, and nothing but the truth, testified as follows: ...."

lowing areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Albiar v. State*, 739 S.W.2d 360, 362 (Tex.Crim.App.1987). Even if argument exceeds the bounds of proper jury argument, it is not reversible error unless, in light of the record as a whole, the argument is extreme, manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *McKay v. State*, 707 S.W.2d 23, 36 (Tex.Crim.App.1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986).

The complainant, Pearlie Mae Heliton, testified that she parked her 1982 tan Buick Riviera in the parking lot of the Jewish Geriatric Center Nursing Home at 6200 North Braeswood at approximately 7:55 a.m. on April 2, 1990. At approximately 1:40 p.m., the police notified the complainant that her car had been stolen and recovered.

Sergeant Gary Lee Pikett testified that at 12:50 p.m. on April 2, 1990, he saw appellant driving a 1982 tan Buick on Bellaire Boulevard. Appellant was exceeding the posted speed by 35 m.p.h. Sergeant Pikett pursued the vehicle and attempted to pull the vehicle over. Appellant fled for approximately three blocks before pulling into an apartment parking lot. He then jumped out of the car while the car was still traveling at approximately 10 miles per hour and fled on foot. Pikett pursued appellant down the bayou for approximately one quarter mile until appellant jumped over a fence into a backyard. While waiting for additional officers to arrive, Pikett enlisted the assistance of City of Houston Water Department employees to maintain the perimeter of the backyards. Upon the arrival of additional officers, a search was conducted of the backyards. Appellant was located beneath a bush and placed under arrest.

Sergeant Pikett then returned with appellant to the Buick and observed that the steering column had been broken and that chips from the steering column were located on the drivers side floorboard. Pikett stated that there were no keys in the ignition and that there were two screwdrivers on the passenger side floorboard. Pikett stated that these findings are consistent with an automobile having been stolen.

During direct examination, appellant testified that he believed the vehicle belonged to his friend Craig White, and that White had given him permission to drive the vehicle. He denied fleeing from the police and stated that he pulled over as quickly as he could. Appellant stated that when he got out of his car, the officer told him he had run a red light, so appellant ran from the officer. He testified that he ran from the officer because he thought the officer had a blue warrant on him for not reporting to his parole officer and for failing to make his payments. He stated that the steering wheel column was not broken, and that there were keys in the ignition.

On cross-examination, appellant denied running from the police because he suspected the vehicle had been stolen. He stated that he did not see chips from the steering column on the floor of the vehicle, nor did he see two screwdrivers on the passenger floorboard.

It is well settled that a prosecutor may argue his opinions concerning issues in the case so long as the opinions are based on the evidence in the record and do not constitute unsworn testimony. *McKay*, 707 S.W.2d at 37. Counsel may on argument draw from the facts in evidence all inferences that are reasonable, fair, and legitimate, and he will be afforded great latitude without limitation in this respect so long as his argument is supported by the evidence and offered in good faith. *Griffin v. State*, 554 S.W.2d 688, 690 (Tex.Crim. App.1977).

Here, the above argument of counsel fell within the bounds of proper jury argument as a reasonable deduction from the evidence. Appellant's testimony during guilt/innocence was directly contrary to the testimony of Sergeant Pikett. The jury could not have believed appellant and still found him guilty. Thus, the prosecutor's statement during argument at the punish-

ment phase was a reasonable deduction from the evidence and from the jury's verdict of guilty.

Moreover, during argument at the guilt/innocence phase, *appellant's* counsel argued that the issue at the guilt/innocence stage rested upon whether the jury believed appellant's testimony. Because the jury found appellant guilty of the offense, they necessarily found, as appellant's attorney had reasoned in argument, that appellant was not telling the truth. Thus, the prosecutor's statement during argument at the punishment phase was made in response to argument by counsel for appellant and in light of the earlier guilty verdict returned by the jury.

Point of error two is overruled.

The judgment is affirmed.