Cohenour-D v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-201-CR

     DAVID COHENOUR,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 85th District Court
Brazos County, Texas
Trial Court # 22,905-85
                                                                                                    

O P I N I O N
                                                                                                    

      David Cohenour pleaded no-contest to a class B misdemeanor offense of delivery of
marihuana in exchange for a recommendation from the State that his punishment be assessed at
six months deferred adjudication. Tex. Health & Safety Code Ann. § 481.120 (Vernon Supp.
1995). After denying Cohenour's written motion to dismiss, where he argued that the laws
prohibiting the delivery of marihuana violated his constitutional rights, the court accepted the plea
bargain and assessed punishment accordingly. We will affirm.
      Cohenour appeals on three points of error, claiming that the prohibition of marihuana violates
his rights to freely exercise his religion, to equal protection under the law, and to privacy. Both
of his first two arguments have been considered and rejected by the courts, a fact he recognizes. 
Olsen v. Drug Enforcement Admin., 878 F.2d 1458, 1461-62 (D.C. Cir. 1989), cert. denied, 495
U.S. 906, 110 S.Ct. 1926, 109 L.Ed.2d 290 (1990); Olsen v. Iowa, 808 F.2d 652, 653 (8th Cir.
1986); Archer v. State, 474 S.W.2d 484, 486 (Tex. Crim. App. 1971). Thus, we overrule points
one and two. In his third point he argues that his right to privacy shields his possession of
marihuana in his own home. See Stanley v. Georgia, 394 U.S. 557, 89 S.Ct 1243, 22 L.Ed.2d
542 (1969). However, he admitted that he delivered the marihuana, not that he merely possessed
it. Additionally, this argument has been rejected by the Court of Criminal Appeals. Miller v.
State, 458 S.W.2d 680, 684 (Tex. Crim. App. 1970). Thus, we overrule his third point. 
      Having overruled all of Cohenour points, we affirm the judgment.
                                                                                 PER CURIAM

Before Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed May 8, 1996
Do not publish