Opinion issued August 22, 2002











In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00661-CR

____________


JOVANI ALCONA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 278th District Court

Walker County, Texas

Trial Court Cause No. 20,725-C






O P I N I O N

 A jury found appellant, Jovani Alcona, guilty of aggravated assault of a
public servant and possession of a deadly weapon in a penal institution. (1) The trial
court, having found true the enhancement allegations of prior convictions for
possession of a deadly weapon in a penal institution and delivery of cocaine, assessed
the minimum habitual-offender punishment of 25 years in prison. We affirm.

Anders Brief

 Appellant's counsel has filed a motion to withdraw from any further
obligation as appellant's counsel. As a prerequisite for presenting this motion,
counsel has submitted a brief stating her opinion that a thorough and complete
analysis of the record revealed the appeal is without merit. Although counsel's
review did not uncover any arguable points of reversible error, she did brief a number
of potential points of error.

 The brief meets the requirements of Anders v. California, 386 U.S. 738,
744, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the
record and stating why there are no arguable grounds of error on appeal. See Gainous
v. State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).

 Counsel advised appellant of her evaluation of this appeal and informed him
of his right to file his own pro se brief. Appellant timely filed a pro se brief.

Ineffective Assistance of Counsel

 In his first pro se point of error, appellant claims his trial attorney was
deficient by (1) failing to insist that the trial court relieve trial counsel and, in his
stead, appoint a Spanish-speaking trial attorney and (2) making a prejudicial final
argument at the guilt stage.

 The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Under Strickland, appellant must first show that his counsel's
performance was so deficient that it fell below an objective standard of
reasonableness. Second, appellant must affirmatively prove that he was prejudiced
by his counsel's conduct. Id. In other words, but for counsel's unprofessional
conduct, the result of the proceeding would have been different. Furthermore,
appellant must overcome the presumption that the challenged action might be
considered sound trial strategy under the circumstances. See Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.).

 Regarding appellant's claim that his trial counsel should have insisted that
the trial court appoint a Spanish-speaking attorney, the record reflects that appellant
conversed well in the English language and told the trial court he had no problem
understanding the English language. During appellant's testimony, an interpreter was
sworn in to assist him in understanding the questions. After a few questions, the
interpreter informed the trial court that appellant could understand and speak English 
and that there was no need for a translator. All further examinations were conducted
in English, without problems.

 Appellant contends a Spanish-speaking counsel could have prepared a better
defense, but does not inform us what that defense would have been or how he would
have benefitted from, or was harmed by the lack of, appointment of a Spanish-speaking attorney. Consequently, appellant has not met his burden to establish either
deficient representation or harm regarding his first claim of ineffectiveness.

 Appellant's second claim of ineffectiveness focuses on his attorney's final
argument at the guilt stage. According to appellant, his trial counsel prejudiced his
right to be found not guilty by referring to former clients of trial counsel who were
in prison and who were difficult. Appellant has taken this argument out of context. 
The argument should be read along with statements that preceded and followed the
challenged remarks. In its entirety, counsel's argument informed the jury about trial
counsel's perception that the State's case was inadequate, due primarily to an
overextended and, thus, less-than-capable penitentiary staff, and that it would be
wrong to convict appellant when so much potentially available evidence had not been
produced. Trial counsel also alluded to matters he claimed the prosecution was
hiding and did not want the jury to know. Based on this record, we hold that
appellant has not sufficiently overcome the presumption that his trial counsel's
argument was part of his trial strategy and, therefore, has not shown deficient
representation.

 We overrule appellant's first point of error.

 In his second pro se point of error, appellant claims his appellate counsel
was ineffective and deprived him of due course of law and equal protection of the
laws by not explaining to appellant about frivolous appeal briefs and his available
options after counsel withdrew.

 As is almost always the case with such claims, the record does not reflect
what advice appellate counsel provided, or did not provide, to appellant. 
Accordingly, appellant has not met his burden to show deficient representation.

 We overrule appellant's second point of error.

Prosecutorial Argument


 Calling Defendant a Liar


 In his third pro se point of error, appellant complains of the State's final
argument on guilt, when the prosecutor referred to appellant as a liar and to portions
of his testimony as a lie.

 When, as here, testimony from various witnesses is highly contradictory, 
it is obvious that someone is not telling the truth. Under these circumstances, to
characterize a witness, even the defendant, as a liar can be a reasonable inference
from the evidence. See Adams v. State, 813 S.W.2d 698, 700-01 (Tex.
App.--Houston [1st Dist.] 1991, pet. ref'd).

 We overrule appellant's third point of error.


 Matters Concerning Punishment


 In his fourth pro se point of error, appellant claims the prosecutor made
improper, prejudicial remarks concerning punishment matters during his final
argument on guilt. Appellant first criticizes the prosecutor for stating that, in his
opinion, a person who committed this type of crime, and had been twice previously
convicted, deserved to be confined for a long period of time. Appellant next
complains that the prosecutor argued prejudicial matters outside the record by telling
the jurors that it was appellant who elected to have the trial judge assess punishment.

 The record reflects no objection to either argument. Thus, any error was
waived, and nothing was preserved for review. Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996). Accordingly, we overrule appellant's fourth point of error.

Our Responsibility

 In addition to addressing appellant's pro se points of error, we have also
discharged our responsibility in frivolous appeals to research the record for possible
reversible error. Having carefully read and reviewed the entire record in this matter,
we concur with appellate counsel's assessment that there are no arguable grounds of
error that could be presented on appeal.


Conclusion

 We affirm the judgment and grant counsel's motion to withdraw. See
Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.--Houston [1st Dist.] 2000, no
pet.).



 Tim Taft

 Justice

 

Panel consists of Justices Mirabal, Taft, and Alcala.

Do not publish. Tex. R. App. P. 47.
1. The two offenses were charged as separate counts in the same indictment and
tried together.