Affirmed and Memorandum Opinion filed May 27, 2008








Affirmed and Memorandum Opinion filed May 27, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00514-CR

____________

 

ALEJANDRA LABRA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause No. 1080621

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Alejandra Labra, appeals her felony conviction
for delivery of a controlled substance.  After pleading guilty, the trial court
sentenced appellant to 40 years= imprisonment.  In two issues, appellant
contends: (1) a fatal variance between the amended indictment and her judicial
confession renders the evidence insufficient to uphold her conviction; and (2)
the trial court=s assessment of 40 years= imprisonment
constitutes cruel and unusual punishment.  We affirm.     








BACKGROUND

Appellant was charged with felony delivery of a controlled
substance, cocaine, in the amount of at least 400 grams.  The original
indictment alleged that appellant delivered the cocaine to AT. Williamson.@  Thereafter, the
State filed a motion to amend the indictment to substitute AT. Williamson@ with AAerial Rios.@  The motion was
granted.  The State, however, amended the indictment with AAeriol Rios,@ interchanging the
Aa@ with an Ao@ in the first
name.    

Appellant entered into a plea of guilty without an agreed
recommendation from the State as to punishment.  In her written plea, appellant
made the judicial confession that she unlawfully delivered the cocaine to
Aerial Rios.  After the trial court found appellant guilty, it assessed
punishment at 40 years= imprisonment and a $500.00 fine. 
Appellant raises two issues for review: (1) the evidence is insufficient to
sustain her conviction because there is a fatal variance between the amended
indictment and her judicial confession; and (2) the trial court=s assessment of 40
years= imprisonment
rises to the level of cruel and unusual punishment.

VARIANCE

In appellant=s first issue, she
contends that there is a fatal variance between the amended indictment (Aeriol)
and her judicial confession (Aerial), rendering the evidence insufficient to
support her conviction.  The State contends that appellant has waived this issue
because she did not object before the trial court.  We agree.  Appellant
admitted that she committed the offense as alleged by the State, but did not
complain about the misspelling of the recipient=s name.  Because
appellant failed to bring the variance to the attention of the trial court, no
error is preserved for review.  See Martin v. State, 541 S.W.2d 605, 608
(Tex. Crim. App. 1976); Hilson v. State, 751 S.W.2d 279, 280-81 (Tex.
App.CHouston [1st
Dist.] 1988, no pet.).  We overrule appellant=s first issue.  








CRUEL AND UNUSUAL PUNISHMENT

In her second issue, appellant contends that the trial
court=s assessment of
forty years= imprisonment constitutes cruel and unusual punishment
because the sentence is disproportionate to the crime committed.  The record
contains no objection by appellant challenging the constitutionality of her
sentence.  We conclude that appellant waived error by failing to assert an
objection on the ground that her sentence constitutes cruel and unusual
punishment.  See Tex. R. App. P. 33.1(a)(1)(A); Benson v. State,
224 S.W.3d 485, 498 (Tex. App.CHouston [1st Dist.] 2007, no pet.).  We
overrule appellant=s second issue.

We affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed May 27, 2008.

Panel consists of
Chief Justice Hedges and Justices Fowler and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).