COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

     
 NOS.  2-07-408-CR 

       2-07-409-CR

 

 

LUTHER BEN LONG                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Luther Ben Long appeals his convictions
for robbery and aggravated robbery.  We
affirm.








On September 30, 2006, appellant walked into the
All New Game Room in Arlington, Texas, hog-tied an employee, and stole all the
money from the cash box.  On October 9,
he used a black .357 revolver to take $1,100 in small bills from the Mom=s Triple
7 Game Room, also in Arlington.

The two cases were consolidated for trial, and
after hearing evidence, a jury found appellant guilty of robbery and aggravated
robbery with a deadly weapon.  During the
punishment phase, the trial court granted appellant a mistrial and ordered a
new punishment hearing.  A second jury
was called, and after hearing evidence on punishment, it assessed twenty years=
confinement for the robbery and twenty-seven years for the aggravated
robbery.  The trial court sentenced
appellant accordingly and ordered the sentences to run concurrently.

In his first point, appellant claims that the
evidence is legally insufficient to prove that he used a deadly weapon during
the aggravated robbery at Mom=s Triple
7.








The use of a Adeadly
weapon@ is an
essential element of aggravated robbery as it was charged in appellant=s
indictment.[2]  A firearm is a deadly weapon per se.[3]  Testimony using any of the terms Agun,@ Apistol,@ or Arevolver@ is
sufficient to authorize a jury to find that a deadly weapon was used.[4]

Here, the evidence showed that Joseph Sanchez
reported to police that appellant had used a .357 held down by his side to
conduct a robbery at Mom=s Triple 7.  Officers searched appellant=s home,
and although they did not recover a weapon, they found .38 long revolver
ammunition and a holster, both of which would fit a .357 revolver.  Arlington Police Detective Kyle Dishko
testified that a .357 is a firearm, a handgun, a revolver, and a deadly
weapon.  Joseph testified that appellant
used a Agun@ to rob
him, and at various times during trial he referred to the gun as a Arevolver,@ Ablack
revolver,@ Alarge
black handgun,@ and a Alarge
black pistol.@ 
We hold this evidence is legally sufficient to show that appellant used
a deadly weapon and overrule appellant=s first
point.[5]

In his second and third points, appellant
complains of four of the prosecutor=s
remarks during closing argument and of one comment by the trial court.








The law provides for, and presumes, a fair trial
free from improper argument by the State.[6]  To be permissible, the State=s jury
argument must fall within one of the following four general areas: (1)
summation of the evidence; (2) reasonable deduction from the evidence; (3)
answer to argument of opposing counsel; or (4) plea for law enforcement.[7]  To determine whether a party=s
argument properly falls within one of these categories, the appellate court
should consider the argument in light of the record as a whole.[8]

It has long been established that the State
cannot use closing argument to get before the jury evidence that is outside the
record and prejudicial to the accused.[9]  However, the State is allowed wide latitude
in drawing inferences from the evidence so long as the inferences are
reasonable, fair, legitimate, and offered in good faith.[10]








When a trial court sustains an objection and
instructs the jury to disregard the state=s
argument but denies a defendant=s motion
for mistrial, the issue is whether the trial court abused its discretion in
denying the mistrial.[11]  Its resolution depends on whether the court=s
instruction to disregard cured any prejudicial effect.[12]  An instruction to disregard is presumed to
cure the harm.[13]  If the instruction cured any harm caused by
the improper argument, a reviewing court should find that the trial court did
not err; almost any improper argument may be cured by an instruction to
disregard.[14]  It is presumed that the jury will follow a
court=s
instruction to disregard a comment.[15]  Only if the reviewing court determines that
the instruction was ineffective does the court go on to determine whether the
error was harmful.[16]








Error resulting from improper jury argument is
nonconstitutional in nature.[17]  Therefore, if the State=s
argument was improper and not cured by the instruction to disregard, this court
must conduct the harm analysis prescribed by Rule 44.2(b) of the Texas Rules of
Appellate Procedure.[18]  Under this rule, an error Athat
does not affect substantial rights must be disregarded.@[19]  Substantial rights are affected when the
error had a substantial and injurious influence on the jury=s
verdict.[20]  An error that has no influence, or only a
slight influence, on the verdict should be deemed harmless.[21]  However, if the reviewing court is unsure
whether the error affected the outcome, the court should treat the error as
harmful.[22]  Neither party has a burden of proof under
Rule 44.2(b).[23]  Rather, the appellate court will examine the
record for purposes of determining harm.[24]








To determine the issue of harm in the context of
nonconstitutional jury argument error, a reviewing court should apply the three
factors recognized in Mosley v. State:[25]  (1) severity of the misconduct; (2) measures
adopted to cure the misconduct; and (3) certainty of conviction absent the
misconduct.[26]

We review a trial court=s denial
of a motion for mistrial for an abuse of discretion.[27]  A trial court does not abuse its discretion
if its decision is at least within the zone of reasonable disagreement.[28]  A mistrial is an extreme remedy for
prejudicial events occurring during the trial process and should be granted only
when residual prejudice remains after objections are sustained and curative
instructions given.[29]








Appellant first complains of the following remark
from the opening portion of the State=s final
argument as an indirect comment on appellant=s
failure to testify:

At the time it appears
when he was interviewed on this particular disk that maybe he didn=t know that everything
was caught on videotape.  I don=t know.  But clearly he said B B.

 

The trial court sustained appellant=s
objection to this remark, instructed the jury to disregard it, and denied
appellant=s motion for mistrial.

To determine if a prosecutor=s
comment constituted an impermissible reference to an accused=s
failure to testify, this court must decide whether the language used was
manifestly intended or was of such a character that the jury naturally and
necessarily would have considered it to be a comment on the defendant=s
failure to testify.[30]  The offending language must be viewed from
the jury=s
standpoint, and the implication that the comment referred to the accused=s
failure to testify must be clear.[31]  A mere indirect or implied allusion to the
defendant=s failure to testify does not
violate the accused=s right to remain silent.[32]








The prosecutor=s
argument in this case was not a comment on appellant=s
failure to testify.  The statement
clearly alludes to the recorded statement appellant gave when he was
interviewed at the police station.  Thus,
when examined in context of the record, the prosecutor=s
argument was in reference to statements made by appellant that had been
previously introduced in evidence. 
Accordingly, the argument was not erroneous and did not constitute a
comment on appellant=s failure to testify.[33]  Moreover, because the prosecutor=s
argument was permissible, the trial court could not have erred by refusing to
grant appellant=s request for mistrial.[34]

The second challenged comment that was made
during the State=s closing argument is the
following:

In this day and age many of us are afraid to be
out at night.  We are afraid that
something will happen to our loved ones when they leave our sight.  Why? 
Because there are people like Luther Ben Long that are out there running
around.  Is that right?








Appellant objected to the comment on the ground that it is Aimproper
jury argument to start talking about other people running around like@
appellant.  The trial court sustained the
objection, instructed the jury to disregard, and denied appellant=s motion
for mistrial.

On appeal, appellant provides no analysis or
legal argument to support his assertion that this comment was improper.  The State contends that the trial court need
not have sustained appellant=s objection
or instructed the jury to disregard because the comment was a proper plea for
law enforcement.  We agree.

During argument at either the guilt/innocence or
punishment phases of trial, the State may present a plea for law
enforcement.  Such pleas take many forms,
including arguing the relationship between the jury's verdict and the
deterrence of crime in general; arguing that juries should deter specific
crimes by their verdicts; and arguing the impact of the jury=s
verdict on the community.[35]








Here, the prosecutor=s
argument is a plea for law enforcement that properly refers to how crimes of
this type generally affect the community. 
The court of criminal appeals has deemed similar arguments permissible.[36]
Accordingly, because the argument was a plea for law enforcement, we hold that
the trial court need not have sustained appellant=s
objection and, therefore, did not abuse its discretion by denying appellant=s motion
for mistrial.

Appellant next claims that the trial court abused
its discretion by overruling his objection to the prosecutor=s
calling him a Acoward@ and a Athug.@

It is well settled that a prosecutor may argue
his opinions concerning issues in the case, so long as the opinions are based
on the evidence in the record and do not constitute unsworn testimony.[37]  During argument, counsel may draw from the
facts in evidence all inferences that are reasonable, fair, and legitimate, and
he will be afforded great latitude without limitation in this respect so long
as his argument is supported by the evidence and offered in good faith.[38]








In Kennedy v. State, this court held that
an argument calling the appellant Athe
biggest coward that walks the face of the earth,@ was a
reasonable deduction from the evidence.[39]  In that case, we noted that other courts of
appeals have upheld similar arguments in light of the facts of each case,
including arguments calling a defendant an Aanimal,@ a Afool,@ Avicious,@ a Aliar,@ a Adog,@ a Acold-blooded
killer,@ a Ajerk,@ a Atroublemaker,@ and a Aone-man
crime wave,@ and contending that a defendant
Ahas no
conscience, no heart, no recognition of right or wrong [and is] perched on the
rim of hell, looking deep into it.@[40]








Here, the prosecutor=s
argument fell within the bounds of proper jury argument when he called
appellant a Athug@ and a Acoward@ because
these were reasonable deductions from the evidence.[41]  The evidence in this case demonstrates that
appellant entered two business establishments and robbed unarmed employees of
the businesses= cash.  The evidence also showed that appellant used
a gun to commit the second robbery.  AThug@ and Acoward@ are apt
descriptions of someone who enters a business and robs unarmed employees at gun
point.  Therefore, as in Kennedy,
the prosecutor=s comment constitutes a
reasonable deduction from the evidence.[42]  Accordingly, the trial court did not err by
overruling appellant=s objection, and we overrule
appellant=s challenge to this argument.

Appellant=s fourth
challenge is to the prosecutor=s
argument that he Awas found with five dollar
bills.  It=s not
coincidence.  It=s a
crime.@  The trial court overruled appellant=s
objection that having five dollar bills is not a crime and that the argument
was outside the record.








The argument appellant complains of is both a
summation of the evidence and a reasonable deduction from the evidence.  During trial, Detective Kyle Dishko testified
that he searched appellant=s home
on October 10, 2006.  During that search,
law enforcement officers discovered $373 on appellant.  Of the cash found on appellant, $370 of it
was comprised of five-dollar bills.  Just
a day before Detective Dishko conducted the search of appellant=s home,
Joseph Sanchez was robbed at gunpoint while working at Mom=s Triple
7, a video-slot game room.  The robber
stole cash from the game room in the form of five-dollar bills.  During closing, the prosecutor simply pointed
out that when searched, appellant was found with $370 of five-dollar bills,
just one day after a large amount of five-dollar bills were stolen from Mom=s Triple
7 game room.  This is a proper summation
of the evidence adduced at trial.  The
prosecutor then pointed out that this fact was not a coincidence, but was
evidence that appellant had robbed the Mom=s Triple
7 game room.  The prosecutor=s
deduction was reasonably based on the evidence presented at trial.  Accordingly, the trial court did not err by
overruling appellant=s objection to the argument, and
we overrule appellant=s challenge to the argument.

Finally, appellant contends that the trial court
erred by denying his motion for mistrial based upon his objection to the trial
court=s
comment, Areasonable inference from the
evidence,A when the trial court overruled
appellant=s objection to the prosecutor=s
argument that appellant disposed of the weapon.

Texas Code of Criminal Procedure Article 38.05
provides:

In ruling upon the admissibility of evidence, the
judge shall not discuss or comment upon the weight of the same or its bearing
in the case, but shall simply decide whether or not it is admissible; nor shall
he, at any stage of the proceeding previous to the return of the verdict, make
any remark calculated to convey to the jury his opinion of the case.[43]








The court of criminal appeals has held that it is improper for a trial
court, in overruling an appellant=s
objection to the State=s jury argument, to comment that
the argument is a Adeduction from the evidence,@[44] or a Areasonable
deduction from the testimony.@[45]  To constitute reversible error, however, the
trial court=s comment must be reasonably
calculated to prejudice the appellant=s rights
by injuring him or by benefitting the State.[46]

In this case, we find nothing in the record to
show that the trial court=s comment was reasonably
calculated to prejudice appellant=s rights
or to benefit the State.  Morever, the
trial court promptly instructed the jury to disregard the remark.  Generally, this is sufficient to cure error.[47]  There is no evidence that the jury did not
follow the judge=s instruction to disregard her
comment.  Because there was no reversible
error, therefore, the trial court did not abuse its discretion in overruling
appellant=s request for a mistrial.  We overrule appellant=s second
and third points.








Having overruled all of appellant=s
points, we affirm the judgment.

 

PER
CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 14, 2009











[1]See Tex. R. App. P. 47.4.





[2]Tex. Penal Code Ann. ' 29.03(a)(2) (Vernon
2003).





[3]Id. ' 1.07(a)(17)(A) (Vernon
Supp. 2008).





[4]Wright v. State, 591 S.W.2d 458, 459
(Tex. Crim. App. [Panel Op.] 1979).





[5]See id.; Lusk v. State,
No. 02-08-012-CR, 2008 WL 4938105, at *2B3 (Tex. App._Fort Worth, Nov. 20,
2008, pet. ref=d) (mem. op., not
designated for publication).





[6]See Thompson v. State, 89 S.W.3d 843, 850
(Tex. App.CHouston [1st Dist.] 2002,
pet. ref=d).





[7]Felder v. State, 848 S.W.2d 85, 94B95 (Tex. Crim. App.
1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. State, 493
S.W.2d 230, 231 (Tex. Crim. App. 1973).





[8]Sandoval v. State, 52 S.W.3d 851, 857
(Tex. App.CHouston [1st Dist.]  2001, pet. ref=d).





[9]See Everett v. State, 707 S.W.2d 638, 641
(Tex. Crim. App. 1986).





[10]See Shannon v. State, 942 S.W.2d 591, 597
(Tex. Crim. App. 1996); Barnes v. State, 70 S.W.3d 294, 308 (Tex. App._Fort Worth 2002, pet. ref=d).





[11]Hawkins v. State, 135 S.W.3d 72, 77 (Tex.
Crim. App. 2004).





[12]Id.





[13]Wesbrook v. State, 29 S.W.3d 103, 115
(Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 (2001).





[14]Dinkins v. State, 894 S.W.2d 330, 357
(Tex. Crim. App.), cert. denied, 516 U.S. 832 (1995); Faulkner v.
State, 940 S.W.2d 308, 312 (Tex. App.CFort Worth 1997, pet. ref=d).





[15]Wesbrook, 29 S.W.3d at 116.





[16]Tex. R. App. P. 44.2.





[17]Martinez v. State, 17 S.W.3d 677, 692
(Tex. Crim. App. 2000).





[18]See Tex. R. App. P. 44.2(b).





[19]Id.





[20]Johnson v. State, 43 S.W.3d 1, 4 (Tex.
Crim. App. 2001).





[21]Johnson v. State, 967 S.W.2d 410, 417
(Tex. Crim. App. 1998).





[22]Webb v. State, 36 S.W.3d 164, 182
(Tex. App.CHouston [14th Dist.]
2000, pet. ref=d).





[23]Id.





[24]Id.





[25]983 S.W.2d 249, 259 (Tex.
Crim. App. 1998), cert. denied, 526 U.S. 1070 (1999).





[26]Id.





[27]See Simpson v. State,
119 S.W.3d 262, 272 (Tex. Crim. App. 2003); Ladd v. State, 3 S.W.3d 547,
567 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1070 (2000).





[28]Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh=g).





[29]Bauder v. State, 921 S.W.2d 696, 698
(Tex. Crim. App. 1996), overruled on other grounds by Ex parte Lewis,
219 S.W.3d 335, 371 (Tex. Crim. App. 2007); Barnett v. State, 161 S.W.3d
128, 134 (Tex. App.CFort Worth 2005, pet. ref=d), aff'd ,189
S.W.3d 272 (Tex. Crim. App. 2006).





[30]See Bustamante v. State 48
S.W.3d 761, 765 (Tex. Crim. App. 2001).





[31]Id.





[32]Wead v. State, 129 S.W.3d 126, 130
(Tex. Crim. App. 2004).





[33]See Varughese v. State, 892 S.W.2d 186, 191
(Tex. App.CFort Worth 1994, pet. ref=d) (holding reference to
what defendant said in a recorded statement is not a comment on his failure to
testify); Bethel v. State, 842 S.W.2d 804, 808 (Tex. App.CHouston [1st Dist.] 1992,
no pet.) (holding that reference to statement made by the defendant to police
is not a comment on his failure to testify).





[34]See Felder, 848 S.W.2d at 94B95; Alejandro, 493
S.W.2d at 231.





[35]See Borjan v. State, 787 S.W.2d 53, 56 (Tex.
Crim. App. 1990).





[36]See, e.g., Stone v. State, 574 S.W.2d 85, 90 (Tex.
Crim. App. [Panel Op.] 1978).





[37]McKay v. State, 707 S.W.2d 23, 37 (Tex.
Crim. App. 1985), cert. denied, 479 U.S. 871 (1986).





[38]Griffin v. State, 554 S.W.2d 688, 690
(Tex. Crim. App. 1977).





[39]Kennedy v. State, 193 S.W.3d 645, 657
(Tex. App.CFort Worth 2006, pet. ref=d).





[40]Id. (citing Belton v.
State, 900 S.W.2d 886, 898 (Tex. App.CEl Paso 1995, pet. ref=d); Vitiello v. State,
848 S.W.2d 885, 888 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d); Ledesma v. State,
828 S.W.2d 560, 563 (Tex. App.CEl Paso 1992, no pet.); Adams v. State,
813 S.W.2d 698, 700B01 (Tex. App.CHouston [1st Dist.] 1991,
pet. ref=d); Garza v. State,
783 S.W.2d 796, 800 (Tex. App.CSan Antonio 1990, no pet.); Varvaro v. State,
772 S.W.2d 140, 144 (Tex. App.CTyler 1988, pet. ref=d); Cates v. State,
752 S.W.2d 175, 177 (Tex. App.CDallas 1988, no pet.)).





[41]Kennedy, 193 S.W.3d at 657
(holding prosecutor=s comment calling the
appellant Athe biggest coward that
walks the face of the earth,@ a reasonable deduction from the evidence where
evidence demonstrated appellant stabbed a man and killed him without
provocation).





[42]See id.





[43]Tex. Crim. Proc. Ann.
art. 38.05 (Vernon 1979).





[44]Barnes v. State, 503 S.W.2d 267, 270
(Tex. Crim. App. 1974).





[45]Ward v. State, 243 S.W.2d 695, 696B97 (Tex. Crim. App.
1951).





[46]Sharp v. State, 707 S.W.2d 611, 619
(Tex. Crim. App. 1986), cert. denied, 488 U.S. 872 (1988); McClory
v. State, 510 S.W.2d 932, 934 (Tex. Crim. App. 1974); Barnes, 503
S.W.2d at 270; Beshears v. State, 461 S.W.2d 122, 125 (Tex. Crim. App.
1970) (op. on reh=g).





[47]See Waldo v. State, 746 S.W.2d 750, 754
(Tex. Crim. App. 1988); Marks v. State, 617 S.W.2d 250, 252 (Tex. Crim.
App. 1981).