Lindsey v. SOT
















NUMBER 13-03-00341-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

CHERYL LINDSEY,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 319th District Court of Nueces County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa
          After a bench trial, the trial court found appellant, Cheryl Lindsey, guilty of the
offense of theft


 and assessed her punishment at two years confinement in a state jail
facility. The trial court has certified that this “is not a plea-bargain case, and the defendant
has the right to appeal.” See Tex. R. App. P. 25.2(a)(2). By two points of error, appellant
contends: (1) the evidence is insufficient to support her conviction; and (2) the court’s
sentence of two years confinement is cruel and unusual punishment that violates the
Eighth and Fourteenth Amendments. We affirm.
I. Factual Background 
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. Tex. R. App. P. 47.4.
          On September 10, 2002, appellant entered an HEB grocery store in Corpus Christi,
located two color T-shirts, and placed them in a shopping cart. Appellant’s plastic handbag
was also inside the cart. Roel Willie Herrera, a/k/a Willie Herrera, an HEB floor
maintenance employee, had just finished cleaning the store’s restrooms when he noticed
appellant walking in his direction, toward the front of the store. For awhile, appellant stood
near the front of the store. Herrera, acting like he was doing something else, moved aside. 
Appellant then proceeded to exit the store, with the shirts and plastic handbag in the cart. 
Herrera contacted off-duty Corpus Christi police officer Edward A. Soliz, who was working
security for the store, gave him appellant’s description, and informed him that she had
walked out of the store with some merchandise. As Soliz and Herrera approached her,
appellant turned around. She re-entered the store with the handbag, but left the cart and
T-shirts outside the store. Appellant then went into the women’s restroom.
          Soliz and Herrera waited outside the restroom for a few minutes, until appellant
came out carrying the handbag. Soliz approached appellant, identified himself, and asked
for the handbag, which was half empty. Herrera knocked on the restroom door and
entered. He found some merchandise in the restroom trash bags that he had just
changed, including a shampoo bottle.
          Herrera and Soliz escorted appellant upstairs to a conference room, where Soliz
questioned her and told her the purpose of the questioning. Herrera stayed and observed. 
Soliz asked appellant if she had paid for the items (T-shirts and shampoo), and appellant
replied that she had not. Herrera asked appellant if she had a receipt for the merchandise,
and appellant replied that she did not. Soliz then placed appellant under arrest.
II. Sufficiency of the Evidence 
A. Standard of Review
          By her first point of error, appellant contends the evidence is insufficient to support
her conviction for the felony offense of theft. Appellant did not specify whether she
challenged the legal or factual sufficiency of the evidence, or both. In such a case, we
construe a general sufficiency challenge as a challenge to only the legal sufficiency of the
evidence. See Rischer v. State, 85 S.W.3d 839, 842-43 (Tex. App.–Waco 2002, no pet.).
          When we review the legal sufficiency of the evidence, we view all the evidence in
the light most favorable to the verdict to determine whether any rationale trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v. 
Virginia, 443 U.S. 307, 319 (1979); Sanders v. State, 119 S.W.3d 818, 820 (Tex. Crim. 
App. 2003). Questions concerning the credibility of the witnesses and the weight to be
given their testimony are to be resolved by the trier of fact. Mosley v. State, 983 S.W.2d
249, 254 (Tex. Crim. App. 1998). Evidence is not rendered insufficient when conflicting
evidence is introduced. Matchett v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996). 
We assume that the fact finder resolved conflicts, including conflicting inferences, in favor
of the verdict, and must defer to that resolution. Id. 
          We measure the legal sufficiency of the evidence in a non-jury trial by the elements
of the offense as defined by a hypothetically correct jury charge for the case. See Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Wheaton v. State, 129 S.W.3d 267,
271-72 (Tex. App.–Corpus Christi 2004, no pet.). This hypothetically correct jury charge
is one that sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant is tried. Malik, 953
S.W.2d at 240; see also Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000) (“We
believe the ‘law’ as ‘authorized by the indictment’ must be the statutory elements of the
offense . . . as modified by the charging instrument.”). 
B. Applicable Law
          A person commits the offense of theft if, without the owner’s effective consent, he
unlawfully appropriates property with the intent to deprive the owner of property. Tex. Pen.
Code Ann. § 31.03(a) - (b)(1) (Vernon Supp. 2004).


 The offense is a state jail felony if the
value of the property stolen is less than $1,500 and the defendant has been previously
convicted two or more times of any grade of theft. Id. § 31.03(e)(4)(D). A person acts with
intent with respect to the nature or result of his conduct when it is his conscious objective
or desire to engage in the conduct or cause the result. Tex. Pen. Code Ann. § 6.03(a)
(Vernon 2003). In most instances, proof of a culpable mental state generally relies on
circumstantial evidence. Dillon v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978);
Wheaton, 129 S.W.3d at 273. Therefore, intent can be inferred from acts, words, and
conduct of the accused. Dues v. State, 634 S.W.2d 304, 306 (Tex. Crim. App. 1982). 
Further, evidence of extraneous offenses involving theft is relevant in proving intent. See
Barnes v. State, 503 S.W.2d 267, 270 (Tex. Crim. App. 1974).
C. Analysis 
          The indictment alleged that on or about September 10, 2002, appellant “did then
and there unlawfully appropriate property owned by Roel Herrera, namely clothing of a
value less than $1,500.00, by acquiring and exercising control over such property without
the effective consent of Roel Herrera and with the intent to deprive Roel Herrera of such
property.” The indictment also alleged that appellant had three previous theft convictions.
          At trial, Herrera testified that he saw appellant exit the store with the T-shirts in her
cart. Soliz identified appellant in the courtroom and testified that when he and Herrera
approached her, appellant turned around, re-entered the store, and went in the restroom. 
After appellant came out of the restroom, Soliz asked for her handbag, and found it half
empty. When Soliz asked appellant if she had paid for the items that were in her
possession, appellant replied that she had not.
          Herrera testified that he knocked on the women’s restroom door after appellant
came out. He had just changed the trash bags in the restroom trash can before appellant
entered. Herrera found bottles of shampoo in the trash bags. He further testified that the
T-shirts appellant had taken out of the store were HEB merchandise worth ten dollars; that
appellant did not have his or any other employee’s permission to have those T-shirts; and
that appellant could not produce a receipt for the items in her possession.
          Viewing the evidence in the light most favorable to the verdict and measuring it
against the essential elements of the offense as defined by a hypothetically correct jury
charge, we conclude that any rational trier of fact could have found the essential elements
of the offense of theft beyond a reasonable doubt. We hold the evidence is legally
sufficient to support appellant’s conviction. Appellant’s first point of error is overruled. 
III. Cruel and Unusual Punishment
          By her second point of error, appellant contends the trial court’s sentence is
unconstitutionally disproportionate to the severity of the offense. She complains that the
sentence of two years confinement in a state jail facility is cruel and unusual punishment
and that it violates the Eighth Amendment as applied to the states by the Fourteenth
Amendment.
          The State asserts that this complaint of cruel and unusual punishment was not
raised by appellant via objection or motion for new trial. Thus, the State argues, appellant
failed to preserve error on appeal.
          It is well settled that almost every right, constitutional and statutory, may be waived
by failing to object. Smith v. State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); Luna v.
State, 70 S.W.3d 354, 359 (Tex. App.–Corpus Christi 2002, pet. ref’d). To preserve a
complaint for appellate review, an appellant must have presented to the trial court a timely
request, objection, or motion, stating the specific grounds for the ruling desired. Tex. R.
App. P. 33.1(a).
          The record reflects that at the end of the punishment phase, the following occurred:
The Court:               Ms. Lindsey, you can remain seated if you want. The
Court will follow the State’s recommendation and will
assess your punishment at two years in a state jail
facility. There will not be a fine. Is there any reason
why sentence should not now be imposed?
 
Defense Counsel:   No, Your Honor. 
 
No objection was made to the trial court’s sentence. Further, in her Motion for
Reconsideration, appellant did not raise the issue of disproportionate sentencing
amounting to cruel and unusual punishment. Accordingly, we hold that error was not
preserved. Appellant’s second point of error is overruled. 
          The judgment of the trial court is affirmed. 
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Concurring Memorandum Opinion by Justice Castillo.

Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
22nd day of July, 2004.